IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATHEW THOMAS, JR.,<br><br>     Plaintiff,<br><br>  v.<br><br>UNITED STATES MEDICAL LICENSING<br>EXAMINATION, NATIONAL BOARD OF<br>MEDICAL EXAMINERS, and EDUCATIONAL<br>COMMISSION FOR FOREIGN MEDICAL<br>GRADUATES<br>     Defendants. | CIVIL ACTION<br>NO. 2:13-CV-03946-CMR |

## ANSWER AND AFFIRMATIVE DEFENSES OF THE NATIONAL BOARD OF MEDICAL EXAMINERS TO PLAINTIFF'S COMPLAINT

Defendant the National Board of Medical Examiners ("NBME"), by and through its undersigned counsel, for its answer and affirmative defenses to the complaint[1]:

## I. Parties

Lacks knowledge or information sufficient to form a belief as to the truth of each and every averment contained in this paragraph, except states that the NBME is an independent, not-for-profit organization, headquartered at 3750 Market Street in Philadelphia, Pennsylvania, that together with the Federation of State Medical Boards, sponsors and provides for the

---

[1] In order to address Plaintiff's claims in an organized fashion, defendant the NBME uses the headings designated by Roman numerals on Plaintiff's form complaint. The NBME has taken the liberty of numbering the paragraphs in Plaintiff's Statement of Claim in Exhibit 1, attached, and the numbers in this Answer are responsive to the Exhibit 1 paragraph numbers.

administration of the United States Medical Licensing Examination, which is a series of examinations that medical students and medical school graduates who seek to practice medicine in the United States take and is collectively referred to as the "USMLE;" the USLME is a three-step examination for medical licensure in the United States and is sponsored by the NBME and the Federation of State Medical Boards; Step 1 is a multiple-choice computer-based examination that assesses an examinee's ability to understand and apply important concepts of the sciences basic to the practice of medicine; Step 2 Clinical Knowledge ("Step 2 CK") is a multiple-choice computer-based examination that assesses an examinee's ability to apply medical knowledge, skills, and understanding of clinical science essential for the provision of patient care under supervision; Step 2 Clinical Skills ("Step 2 CS") tests an examinee's ability to gather information from patients, perform physical examinations, and communicate their findings to patients and colleagues using mock encounters with twelve standardized patients; Step 3 is a multiple-choice computer-based examination that assesses an examinee's ability to apply medical knowledge and understanding of clinical science essential for the unsupervised practice of medicine; Step 1, Step 2 CK and Step 2 CS may be taken in any order, but an examinee is not eligible to take Step 3 unless she has passed Step 1, Step 2 CK and Step 2

CS; the USMLE is a series of examinations and not a legal entity or organization.

## II.  Basis for Jurisdiction

Admits on that according to Defendant's records, Plaintiff provided an address of residence in West Babylon, New York on his January 2013 application to test.

## III. Statement of Claim:

Denies each and every averment contained in imputed paragraphs 1-13, except:

1.  Admits only that Plaintiff initiated the present suit and specifically denies the allegations of "inappropriate punishment and inconsistent decisions."

2.  Admits that on July 27, 2009, the Office of the USMLE Secretariat sent Plaintiff a letter informing him that the validity of his USMLE Step 2 CK test score was being investigated because a test preparation organization known as Optima University ("Optima") illegally obtained "secure USMLE test materials" and because "[i]nformation is available that [Plaintiff was] involved with Optima review courses."  See Exhibit 2.

3.  Admits that, following its investigation and a hearing at which the Plaintiff testified, the USMLE Committee on Score Validity ("the Committee"), after reviewing the evidence before it, approved a motion to classify Plaintiff's USMLE Step 2 CK

score as "indeterminate," see Exhibit 3; that Plaintiff appealed this decision to the USMLE Composite Committee; that the USMLE Composite Committee denied Plaintiff's appeal and upheld the decision to classify Plaintiff's score as indeterminate, see Exhibit 4; that after his appeal was denied, Plaintiff was notified by a letter dated February 17, 2010 that he was being provided an opportunity to take a free validating exam to be completed on or before August 17, 2010 which, if passed, would reclassify Plaintiff's indeterminate score as valid; that Plaintiff repeatedly delayed before finally taking and failing the validating exam on September 3, 2011; that Plaintiff was then allowed to re-register for and take the USMLE Step 2 CK; that Plaintiff eventually did re-register to take the USMLE Step 2 CK on the date of his choice between January 1, 2013 and June 30, 2013, but, for reasons known only to him, cancelled that registration, electing not to test.

4.   Lacks knowledge or information sufficient to form a belief as to the truth of the averment contained in this paragraph, but admits that Plaintiff's eligibility to sit for USMLE Step 3 was deferred pending the outcome of the investigation relating to the validity of his score on the Step 2 CK examination, as a passing score on Step 2 CK is a prerequisite for taking Step 3, the final examination in the USMLE sequence.

5.   Specifically   denies   any   policy   or   procedural violations and admits that Plaintiff's USMLE Step 2 CK scores did increase on each of his six failing attempts, and notes that the USMLE Policies and Procedures Regarding Indeterminate Scores ("USMLE Policies") apply to all passing level examination results that cannot be certified as representing a valid measure of an examinee's competence in the domains assessed by the examination.

6.   Lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, but notes that Section B, Procedure 2(a) provides one example of the type of information the NBME considers during its investigation.  See Exhibit 5.

7.   Admits that the USMLE Policies state that an examinee whose score is under review will be provided with "a description of any statistical analyses employed", but states that this information was provided to Plaintiff on at least three occasions and was the subject of a lengthy review hearing, at which Plaintiff testified; in Exhibits 3 and 4, and again in a letter dated August 25, 2010 (Exhibit 6), Plaintiff was notified that his score was classified as indeterminate under the following circumstances:

a.   Between February 2004 and July 2007, Plaintiff took and failed the USMLE Step 2 CK five times,

b.    In  the  weeks  leading  up  to  his  sixth  attempt, Plaintiff  attended  Optima  University,  a  now-defunct  USMLE  test preparation  company  that  misappropriated  secure  copyrighted USMLE test questions,

c.    For  approximately  five  weeks,  sixteen  hours  per day,  Plaintiff  had  unlimited  access  to  a  database  of  actual USMLE  questions  and  answers  obtained  by  Optima  through  illegal means,

d.    In  2007,  the  Federal  Bureau  of  Investigation ("FBI")  received  a  tip  that  examinees  associated  with  Optima were  photographing  USMLE  questions  during  test  administrations in Romania and Hungary that were intended to be secure

e.    On  December  31,  2007,  Plaintiff  took  the  USMLE Step 2 CK for the sixth time and obtained a passing score,

f.    In May 2008, the FBI raided Optima's facility,

g.    Plaintiff  was  present  as  an  employee  at  the Optima facility during that raid,

h.    Following  the  raid  in  New  Jersey,  Optima  moved its operations to Tennessee,

i.    On  February  23,  2009,  the  United  States  Marshal Services raided Optima in Tennessee and seized its database,

j.    Because  Plaintiff  was  present  at  the  2008  raid and because he was identified by others as an Optima student and

employee, USMLE's sponsors chose to investigate Plaintiff's passing Step 2 CK score,

        k.   The score investigation found that at least 32 percent of the questions on the December 2007 exam administered to Plaintiff were potentially exposed by Optima to its employees and students prior to December 2007,

        l.   Plaintiff got 86 percent correct of the questions known to have been exposed, and only 66 percent of unexposed questions correct,

        m.   Plaintiff spent an average of 59 seconds per question on exposed items and an average of 73 seconds on unexposed questions,

        n.   A comparison group of 1162 other examinees showed no such differential in correctness or timing between exposed and unexposed questions,

        o.   Because no reasonable and satisfactory explanation accounted for Plaintiff's score differential, the Committee on Score Validity determined that there were reasons to question the validity of Plaintiff's passing score and that he should be asked to verify the passing outcome by taking a validating examination,

   8.   Admits that all of USMLE's policies and procedures were followed, including the hearing and appeal procedures; denies that the NBME was unresponsive to Plaintiff's request and

states that Plaintiff did receive the description of the statistical analysis employed.

9. Admits only that, after a thorough review of the information presented, the Committee was unable to determine that there was a reasonable and satisfactory explanation for the differentials in Plaintiff's Step 2 CK performance and timing on scored items believed exposed via Optima versus scored items for which there was no evidence of exposure; Plaintiff was required to take a validating examination, because, among other things, his inconsistent performance between exposed and non-exposed items raised questions about the validity of his score on the Step 2 CK exam on December 31, 2007; the USMLE is designed to provide medical licensing authorities meaningful information about an examinee's knowledge and ability; to protect the integrity of the test and the safety and well being of the public, the USMLE is administered in a secure environment and all examination materials are copyrighted; the purpose of the examination is thwarted when an examinee gains prior access to test questions and answers; in reviewing Plaintiff's score, the Committee on Score Validity concluded that there was no reasonable explanation for Plaintiff's inconsistent performance on exposed versus non-exposed items and, in light of Plaintiff's acknowledged involvement with Optima, reasonably concluded that Plaintiff used information available at Optima to gain access to

test materials before sitting for the December 2007 examination; Plaintiff asked the Committee on numerous occasions to prove to him that he cheated; however, under the Policies and Procedures Regarding Indeterminate Scores, the Committee is not required to prove, or even consider, whether an examinee cheated, but rather to decide whether his test score should be reported to state medical licensing authorities and others as a valid measure of his competence; the Committee reasonably concluded that, based on all the facts and circumstances and after following its own exacting procedures, Plaintiff's December 2007 Step 2 CK passing score cannot be certified as representing a measure of Plaintiff's competence in the domains assessed by the examination.

10.  Admits that Plaintiff did achieve a passing score in December 2007, but states that his passing score was classified as indeterminate following the Committee's review, and denies that Plaintiff correctly states the process by which the Committee determined his score to be indeterminate.

11.  Admits that the lawsuit against Optima concerned unethical—and indeed, illegal—activity, but denies that the activities in question occurred only in 2008 and later and lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's statement that "Optima University updated its question bank in March 2008" and that "[t]herefore,

[Plaintiff] had no exposure to those questions", but by way of further response states that Plaintiff's own score differential suggests otherwise and that Plaintiff was given a fair opportunity to validate his score by taking a validating exam and, when he failed that validating examination, had additional opportunities to retake the Step 2 CK examination.

12. Admits that Plaintiff submitted waivers and appeals and requested to meet in person, but specifically denies that the NBME's actions were "unfair".

13. Lacks knowledge or information sufficient to form a belief as to the truth of the averment contained in this paragraph, but states that the Committee's decision to classify Plaintiff's score as indeterminate was reasonable and prudent.

## IV.   Injuries

Admits the averments contained in this paragraph.

## V.   Relief

Denies each and every averment contained in this paragraph and specifically denies that Plaintiff is entitled to any or all of the relief he requests, except admits that in order to better protect the health of the public, the USMLE program implemented a limit of six on the total number of times an examinee can take the same USMLE Step or Step Component.

WHEREFORE, the National Board of Medical Examiners respectfully requests that the Court dismiss the complaint and

10

enter judgment in its favor and against Mathew Thomas, Jr., together with an award of costs, attorneys' fees, interest and such other and further relief that the Court deems just.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has not been damaged in any manner, or by reason of any alleged acts of the National Board of Medical Examiners.

### FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's claims are barred in whole or in part, by his own conduct.

### FIFTH AFFIRMATIVE DEFENSE

The National Board of Medical Examiners exercised reasonable care to prevent and correct promptly any impermissible conduct.

### SIXTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any damages or losses, such damages or losses were not caused by any wrongful or intentional

conduct on the part of the National Board of Medical Examiners.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has no right to a jury trial on some or all of the asserted claims or requests for relief.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

WHEREFORE, the National Board of Medical Examiners respectfully requests that the Court dismiss the complaint and enter judgment in its favor and against Mathew Thomas, Jr., together with an award of costs, attorneys' fees, interest and such other and further relief that the Court deems just.

/s/ Maureen P. Holland
Neil J. Hamburg
Maureen P. Holland
ID. Nos. 32175 and 206327
HAMBURG & GOLDEN, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA  19103-1443
(215) 255-8590
hamburgnj@hamburg-golden.com
hollandmp@hamburg-golden.com

Attorneys for Defendant
National Board of Medical
Examiners

Dated:  August 19, 2013

<u>CERTIFICATE OF SERVICE</u>

I, Maureen Holland, hereby certify that the foregoing Answer and Affirmative Defenses of Defendant the National Board of Medical Examiners has been filed electronically and is now available for viewing and downloading from the Court's Electronic Case Filing System. I further certify that a copy is being served by regular mail on August 19, 2013, on the following:

Mathew Thomas, Jr.
31 Roosevelt Avenue
Staten Island, NY  10314

/s/ Maureen P. Holland
Maureen P. Holland