**EXHIBIT 4**



**US·MLE**
United States
Medical
Licensing
Examination ™

*Secretariat:*
3750 Market Street
Philadelphia, PA 19104
(215) 590-9600
Fax: (215) 590-9470
www.usmle.org

**Via US Mail: Personal and Confidential**

February 17, 2010

Mathew Thomas, Jr.          USMLE ID#: 0-633-396-7
PO Box 14-0415
Staten Island, NY  10314-0415

Dear Dr. Thomas:

On behalf of the USMLE Committee on Score Validity, I am writing to inform you of the Committee's decision following its review of the available information related to your performance on the December 31, 2007 Step 2 Clinical Knowledge (CK).

In advance of the meeting, the members of the Committee were provided with copies of the following materials: (a) my letter to you dated July 27, 2009; (b) my letter to you dated September 15, 2009; (c) your email to me sent on August 12, 2009; (d) our email exchange of August 27-28, 2009; (e) our email exchange of September 21-23, 2009; (f) your email to Janet Carson sent on October 12, 2009; (g) your email to Ms. Carson sent on October 26, 2009 and her response to you sent on November 11, 2009; (h) your email message to Ms. Carson sent on November 19, 2009 and her response sent on November 24, 2009; (i) email to you from Emilie Babcox sent on November 24, 2009; and (j) your application for Step 2.

In addition to review of the foregoing materials, the Committee also carefully considered the information provided by you during your personal appearance on December 16, 2009.

During the course of its deliberations, the Committee discussed the following:

- Unauthorized access, advertent or inadvertent, by an individual to examination content prior to testing raises concerns as to whether the scores obtained by the individual on the examination represent a valid measure of an individual's knowledge or competence as sampled by the examination.

- In February 2009, the sponsoring organizations of the USMLE program filed suit in federal court, alleging copyright infringement by Optima University ("Optima"), a provider of USMLE review courses. This complaint sets forth the specific allegations with respect to the unauthorized copying, reconstruction, and distribution of copyrighted USMLE test questions and answers, which were, over a period of years, made available to participants in the Optima courses.

- You attended Optima review courses prior to taking and passing Step 2 CK on December 31, 2007.

*A Joint Program of the Federation of State Medical Boards of the U.S., Inc. and the National Board of Medical Examiners*®



Federation of State Medical Boards of the U.S., Inc.
PO Box 619850
Dallas, TX 75261-9850
(817) 868-4000
Fax: (817) 868-4097
www.fsmb.org

National Board of Medical Examiners
3750 Market Street
Philadelphia, PA 19104
(215) 590-9500
Fax: (215) 590-9555
www.nbme.org

Dr. Thomas
February 17, 2010
Page 2 of 4

- Between February 2004 and December 2007, you took Step 2 CK on six occasions and passed on your sixth attempt taken in December 2007.

- There is evidence that 32% of the test items that appeared on the Step 2 CK form taken by you in December 2007 and that were used in scoring that form may have been subject to unauthorized reproduction and dissemination through Optima prior to December 2007.

- Your percent correct score on those scored items believed to have been exposed was higher than your percent correct scores on scored items about which there is no current evidence of exposure (84% versus 66%).   The average performance   of a comparison group of 1162 other examinees that took that same form of Step 2 CK shows greater consistency in performance on those two sets of items (an average of 75% correct on exposed items and 75% on non-exposed items). The difference that is calculated by subtracting your percent correct performance on non-exposed items from your percent correct performance on exposed items is greater than that difference, similarly calculated, for 99% of the examinees in the comparison group.

- The average amount of time that you spent on the scored items believed to have been exposed was 59 seconds, whereas the average amount of time that you spent on the scored items for which there is no evidence of exposure was 73 seconds. Your timing data differ markedly on these two subsets of items when compared with a group of 1162 other examinees that took that same form of Step 2 CK (an average of 73 seconds on exposed items and 76 seconds on non-exposed items). The difference that is calculated by subtracting the average amount of time spent by you on exposed items from the average amount of time spent by you on non-exposed items is greater than that difference, similarly calculated, for 99% of the examinees in the comparison group.

- In information you provided during your personal appearance before the Committee on Score Validity on December 16, 2009, you asserted that you passed Step 2 CK as a result of your hard work and determination. You stated that you were a student at Optima for only 4 to 5 weeks prior to passing the Step 2 CK, and that, prior to your enrollment at Optima, you made use of various other study sources and item banks. You stated that the benefit that Optima provided you was related to its intense study environment and group study sessions. You asserted that you made very little use of Optima's item bank during your time there. You noted that on your fifth attempt at Step 2 CK, you were very close to the passing point. You reported that you focused your studies for your sixth attempt on your area of weakness (i.e., obstetrics and gynecology) and that, by focusing your studies on that area, you were ultimately successful on the Step. You also asserted that you felt rushed at the end of the exam blocks and went through the last questions in the blocks faster, which may explain some of timing differences reported to you in my letter of September 15, 2009.

Dr. Thomas
February 17, 2010
Page 3 of 4

After thorough review of the information presented, the Committee was unable to determine that there is a reasonable and satisfactory explanation for the differentials in your Step 2 CK performance and timing on scored items believed exposed via Optima versus scored items for which there is no evidence of exposure.  The Committee noted that your performance on the subset of items for which there is no evidence of exposure (68% of the total number of scored items) was quite close to a level that would be considered "passing" for that subset of items. Recognizing the importance of the decisions that are based, at least, in part, upon results of USMLE examinations, the Committee expressed concerns about using performance on a subset of items (e.g., the portion of the examination identified as "non-exposed") as a basis for predicting performance on the entire examination.  It further noted that such concerns are heightened when there is any question about whether that subset of items was taken under standard conditions of test administration.  In this regard, the Committee considered the reasonable possibility that familiarity with exposed items may enable an individual to respond, on average, more quickly to such items and produce a time advantage for the individual in considering and responding to the non-exposed items.  Given the percentage of exposed scored items on your Step 2 CK, the unexplained difference between your performance on the exposed scored items and the non-exposed scored items, and the unexplained difference between the amount of time spent by you, on average, on the subset of exposed scored items and on the subset of non-exposed scored items, the Committee did not find it reasonable or appropriate to make presumptions about the validity of your scores on this examination based upon your performance on the non-exposed scored items.

Following careful consideration of all of the available information, the Committee determined that it could not certify the validity of your passing level results on the December  2007 Step 2 CK.  Therefore, it is the determination of the Committee on Score Validity that your scores on that examination will be classified as indeterminate and will not be reported.

As specified in the "*USMLE Procedures Regarding Indeterminate Scores*," a copy of which was enclosed with my September 15, 2009 letter to you, examinees whose scores have been classified as indeterminate (and who have not been barred from the USMLE or applicable Step thereof) will be given an opportunity to take a validating examination. You may take a Step 2 CK examination, without charge, as the validating examination. The validating examination must be taken within six months of the date of this letter. Accordingly if you elect to take a validating examination, it must be taken on or before August 17, 2010. If you do not take a validating examination on or before August 17, 2010, your scores on the December 2007 Step 2 CK will remain classified as indeterminate, and an annotation indicating that those scores were classified as indeterminate will be included in your record and will appear on your USMLE transcripts.

The above-noted Procedures provide that, if the total test score that is obtained on the validating examination is above the passing level, your original scores and associated passing grade will be reported, and no record of the validating examination will appear on your USMLE transcript.    If the total test score that is obtained on the validating examination is below the passing level, the original scores will remain classified as indeterminate, and your record and transcript will have an annotation indicating an indeterminate score for the December 2007 Step 2 CK.  Scores obtained on the validating examination will not be reported and there will be no record of the validating examination on your transcript.

Dr. Thomas
February 17, 2010
Page 4 of 4

As also noted in the above-referenced Procedures, a decision of the Committee on Score Validity may be appealed to the USMLE Composite Committee only if the individual involved has not yet taken a validating examination and has a reasonable basis to believe that the Committee did not act in compliance with applicable USMLE policies and/or procedures or that the decision of the Committee was clearly contrary to the weight of the evidence before it. You have notified me, via email, that you wish to appeal the determination of the Committee, and your appeal will be reviewed by the USMLE Composite Committee in June 2010. Your written appeal may be sent to me on or before June 1, 2010.

If you decide to take a validating examination, please notify me in writing of the three-month eligibility period (within the next six months) during which you wish to take the validating examination. Once I receive such notification from you, I will provide you with a Scheduling Permit and instructions for you to make an appointment to take the validating examination at a Prometric test center. Please provide your notice with ample time for the Scheduling Permit to be processed and in order that you may select an available testing date that is convenient for you. Space at test centers is based upon availability, and some months are peak testing periods. You may obtain information on Step 2 CK of USMLE at the website, www.usmle.org.

As previously reported to you, the investigation into this matter is ongoing.  While you have acknowledged being employed by Optima, you have denied any involvement with the materials used in its courses.  Please be advised that, if review of available information provides a reasonable basis to conclude that you may have engaged in irregular behavior, the matter will be referred to the USMLE Committee on Irregular Behavior for its further consideration and action.

If you have any questions please do not hesitate to contact me at (215) 590-9877 or Janet Carson, legal counsel for the USMLE program, at (215) 590-9548 if you have any questions.

Sincerely

Susan A. Deitch
Office of the USMLE Secretariat

C:  ECFMG, FSMB


Enclosure: stenographic record of personal appearance on December 16, 2009