IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATHEW THOMAS, JR., *Plaintiff* <br><br> v. <br><br> ECFMG – EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES, NBME – NATIONAL BOARD OF MEDICAL EXAMINERS, and UNITED STATES MEDICAL LICENSING EXAMINATION, *Defendants.* | Civil Action No. 13-3946 |

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES
<u>TO PLAINTIFF'S COMPLAINT</u>**

Defendant Educational Commission for Foreign Medical Graduates ("ECFMG"), by its attorneys, hereby answers the Complaint of Plaintiff Mathew Thomas, Jr. (Doc. No. 1) in the above-captioned matter.

As an initial matter, Federal Rule of Civil Procedure 10(b) requires, in pertinent part: "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Plaintiff's Complaint is not so organized. Given that Plaintiff's Complaint is not organized by numbered paragraphs, ECFMG elects to respond as permitted in Federal Rule of Civil Procedure 8(b)(3) (allowing a party to "generally deny all [allegations] except those specifically admitted").

With the exception of the particular facts below, ECFMG denies all allegations in Plaintiff's Complaint, because they are wrong, they constitute legal conclusions to which no response is required, and/or ECFMG lacks knowledge or information sufficient to form a belief

about the truth of the allegations contained therein.  Further, Plaintiff's Complaint appears to be based on allegations directed at entities other than ECFMG and to which no response would therefore be required from ECFMG.

ECFMG generally denies all allegations in Plaintiff's Complaint except for the following, which are specifically admitted:

1. On page 3 of the Complaint,[1] Plaintiff lists ECFMG's address as follows: 3624 Market Street, Philadelphia, PA 19104.  ECFMG admits that address is correct.

2. On page 4 of the Complaint, Plaintiff lists ECFMG's state of citizenship as Pennsylvania.  ECFMG admits that its principal place of business is in Pennsylvania.

3. On page 11 of the Complaint, Plaintiff alleged: "I have submitted waivers and appeals, I even requested meetings to discuss this matter and work out an amicable resolution, but was declined each time."  ECFMG generally denies this allegation, except that ECFMG avers as follows:

   a. By letter dated March 27, 2013, Plaintiff asked ECFMG "for a waiver to the 7 year rule whereby an applicant must pass all Step exams within 7 years of passing their first Step exam."

   b. By letter dated April 25, 2013, ECFMG informed Plaintiff as follows:

   > I am writing to inform you that the ECFMG Medical Education Credentials Committee ("ECFMG Committee") has completed its review of your request for an exception to the ECFMG policy requirement that applicants must pass those USMLE Steps and Step Components required for ECFMG Certification within a seven-year period.  The ECFMG Committee reviewed this matter at its April 17, 2013 meeting.

---

[1] Page references to Plaintiff's Complaint are to the numbers stamped at the top of the document by electronic filing.

> Following careful review, the ECFMG Committee took action to deny your request for an individual exception to the ECFMG credential requirement that applicants must pass those USMLE Steps and Step Components required for ECFMG Certification within a seven-year period.

ECFMG further avers that the United States Medical Licensing Examination ("USMLE") is an examination and lacks legal capacity to be sued.  *See Wang v. United States Med. Licensing Examination Secretariat*, 206 Fed. Appx. 67, 68 (2d Cir. 2006) ("USMLE is neither a business organization nor a governmental entity, or, for that matter, an organization at all, and is certainly an artificial entity, i.e., not a natural person.") (affirming District Court's dismissal of *pro se* complaint against the USMLE).

## AFFIRMATIVE DEFENSES OF DEFENDANT EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES

### First Affirmative Defense

Plaintiff fails to state any claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are limited and/or barred by the express terms of the policy, program, and/or agreement(s) that form the basis of the matters complained of.

### Third Affirmative Defense

Plaintiff's claims are limited and/or barred by the doctrine of unclean hands.

### Fourth Affirmative Defense

Plaintiff's claims are barred because Plaintiff perpetrated fraud.

### Fifth Affirmative Defense

Plaintiff's claims are limited and/or barred by the doctrine of equitable estoppel.

### Sixth Affirmative Defense

Plaintiff's claims are limited and/or barred because he has not suffered or incurred any recognizable damage or harm caused either directly or indirectly by ECFMG.

**Seventh Affirmative Defense**

To the extent Plaintiff has been damaged, which ECFMG denies, all such damage was proximately and directly caused by the Plaintiff's own acts and/or omissions.

**Eighth Affirmative Defense**

To the extent Plaintiff has been damaged, which ECFMG denies, all such damage was proximately and directly caused by acts or omissions by others, not ECFMG.

**Ninth Affirmative Defense**

Plaintiff's claims are limited and/or barred due to his failure to mitigate damages, if any.

**Tenth Affirmative Defense**

All of ECFMG's actions towards Plaintiff were justified.

**Eleventh Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to take advantage of remedies available to him and to otherwise avoid harm.

**Twelfth Affirmative Defense**

Plaintiff's claims are barred because he has not exhausted administrative remedies available to him.

**Thirteenth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because finding otherwise would be contrary to public policy.

## RESERVATION OF RIGHTS

ECFMG reserves the right to include any such other defenses as it may deem appropriate after discovery in this matter.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: August 20, 2013 | /s/ Brian W. Shaffer |

                                          Brian W. Shaffer
                                          Elisa P. McEnroe
                                          MORGAN, LEWIS & BOCKIUS LLP
                                          1701 Market Street
                                          Philadelphia, PA  19103-2921
                                          Telephone:  215.963.5103
                                          bshaffer@morganlewis.com

                                          *Attorneys for Defendant Educational Commission*
                                          *for Foreign Medical Graduates*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer and Affirmative Defenses of Defendant Educational Commission For Foreign Medical Graduates to Plaintiff's Complaint was served this 20th day of August, 2013 via electronic filing and first-class U.S. mail, postage prepaid upon the following:

>Mathew Thomas, Jr.
>31 Roosevelt Ave.
>Staten Island, NY 10314
>
>*Pro Se Plaintiff*
>
>- and -
>
>Neil J. Hamburg, Esq.
>Maureen Holland, Esq.
>Hamburg & Golden, P.C.
>1601 Market Street, Suite 3310
>Philadelphia, PA  19103
>
>*Attorneys for Defendant National Board of Medical Examiners*

Dated: August 20, 2013              /s/ Brian W. Shaffer

>Brian W. Shaffer
>Elisa P. McEnroe
>MORGAN, LEWIS & BOCKIUS LLP
>1701 Market Street
>Philadelphia, PA  19103-2921
>Telephone:  215.963.5103
>
>*Attorneys for Defendant Educational Commission for Foreign Medical Graduates*