IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| MATHEW THOMAS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | NO. 2:13-CV-03946-CMR |
| THE NATIONAL BOARD OF MEDICAL ) | |
| EXAMINERS and THE EDUCATIONAL ) | |
| COMMISSION FOR FOREIGN MEDICAL ) | |
| GRADUATES ) | |
| Defendants. ) | |
| ) | |

## ANSWER AND AFFIRMATIVE DEFENSES OF THE NATIONAL BOARD OF MEDICAL EXAMINERS TO PLAINTIFF'S AMENDED COMPLAINT

Defendant the National Board of Medical Examiners ("NBME"), by and through its undersigned counsel, for its Answer and Affirmative Defenses to the Amended Complaint[1]:

1.    Incorporates by reference its Answer and Affirmative Defenses to Plaintiff's Complaint.

2.    Denies each and every averment contained in paragraph 2, and denies the need to respond to the extent that the averments contain conclusions of law.

3.    Denies each and every averment contained in paragraph 3, and denies the need to respond to the extent that the averments contain conclusions of law.

---

[1]    In order to address Plaintiff's claims in an organized fashion, the NBME has taken the liberty of numbering the paragraphs in Plaintiff's Amended Complaint as shown in Exhibit 1, attached, and the numbers in this Answer to the Amended Complaint are responsive to the Exhibit 1 paragraph numbers.

4.    Denies each and every averment contained in paragraph 4, and denies the characterization of the USMLE Bulletin of Information because it is a writing that speaks for itself.

5.    Denies each and every averment contained in paragraph 5, and denies the characterization of the USMLE Bulletin of Information because it is a writing that speaks for itself.

6.    Lacks knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 6, and therefore denies those averments.

7.    Denies each and every averment contained in paragraph 7, except admits that it was a plaintiff in a lawsuit against Optima University.

8.    Denies each and every averment contained in paragraph 8, and denies the need to respond to the extent that the averments contain conclusions of law.

9.    Denies each and every averment contained in paragraph 9, and denies the need to respond to the extent that the averments contain conclusions of law.

10.    Denies each and every averment contained in paragraph 10, and denies the need to respond to the extent that the averments contain conclusions of law.

11.    Denies the characterization of the Model Penal Code because it is a writing that speaks for itself.

12.  Denies each and every averment contained in paragraph 12, and denies the need to respond to the extent that the averments contain conclusions of law.

13.  Denies each and every averment contained in paragraph 13, and denies the characterization of the First Amendment because it is a writing that speaks for itself, and denies the need to respond to the extent that the averments contain conclusions of law.

14.  Denies each and every averment contained in paragraph 14, and denies the need to respond to the extent that the averments contain conclusions of law.

15.  Denies each and every averment contained in paragraph 15, and denies the characterization of any document cited by Plaintiff because that document is a writing that speaks for itself.

16.  Lacks knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 16, and therefore denies those averments, and denies the characterization of any document cited by Plaintiff because that document is a writing that speaks for itself.

17.  Lacks knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 17, and therefore denies those averments, and denies the

4

characterization of any document cited by Plaintiff because that document is a writing that speaks for itself.

18.   Lacks knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 18, and therefore denies those averments, and denies the characterization of any document cited by Plaintiff because that document is a writing that speaks for itself.

19.   Lacks knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 19, and therefore denies those averments, and denies the characterization of any document cited by Plaintiff because that document is a writing that speaks for itself.

20.   Denies each and every averment contained in paragraph 20, and denies the need to respond to the extent that the averments contain conclusions of law.

21.   Denies each and every averment contained in paragraph 21, and denies the need to respond to the extent that the averments contain conclusions of law.

22.   Denies each and every averment contained in paragraph 22, and denies the need to respond to the extent that the averments contain conclusions of law.

23.   Denies each and every averment contained in paragraph 23, and denies the need to respond to the extent that the averments contain conclusions of law, except admits that the

court entered summary judgment in favor of the NBME in the case of _National Board of Medical Examiners v. Optima University LLC, et. al.,_ 2011 WL 7615071 (W.D. Tenn., 2011), and avers that the court's findings speak for themselves.

24.   Denies and every averment contained in paragraph 24, and denies the need to respond to the extent that the averments contain conclusions of law, and denies any characterization of any case cited because the case is a writing that speaks for itself.

25.   Denies and every averment contained in paragraph 25, and denies the need to respond to the extent that the averments contain conclusions of law.

26.   Denies each and every averment contained in paragraph 26.

27.   Denies each and every averment contained in paragraph 27, and denies the need to respond to the extent that the averments contain conclusions of law, and denies the characterization of "Section 1602 of the Civil Practice Law and Rules" to the extent that it is a writing that speaks for itself.

28.   Denies each and every averment contained in paragraph 28.

29.   Denies each and every averment contained in paragraph 29, and denies the need to respond to the extent that the averments contain conclusions of law.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has not been damaged in any manner, or by reason of any alleged acts of the National Board of Medical Examiners.

### FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's claims are barred in whole or in part, by his own conduct.

### FIFTH AFFIRMATIVE DEFENSE

The National Board of Medical Examiners exercised reasonable care to prevent and correct promptly any impermissible conduct.

### SIXTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any damages or losses, such damages or losses were not caused by any wrongful or intentional

conduct on the part of the National Board of Medical Examiners.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has no right to a jury trial on some or all of the asserted claims or requests for relief.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff perpetrated fraud.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because he failed to exhaust administrative and other remedies.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of justification and estoppel.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because finding otherwise would be contrary to public policy.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the express terms of the policy, program, and/or agreement(s) that form the basis of the Plaintiff's claim.

8

## **<u>FOURTEENTH AFFIRMATIVE DEFENSE</u>**

Plaintiff's claims are barred, in whole or in part, due to his failure to mitigate damages, if any.

WHEREFORE, the National Board of Medical Examiners respectfully requests that the Court dismiss the complaint and enter judgment in its favor and against Mathew Thomas, Jr., together with an award of costs, attorneys' fees, interest and such other and further relief that the Court deems just.

/s/ Maureen P. Holland
Neil J. Hamburg
Maureen P. Holland
ID. Nos. 32175 and 206327
HAMBURG & GOLDEN, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA  19103-1443
(215) 255-8590
hamburgnj@hamburg-golden.com
hollandmp@hamburg-golden.com

Attorneys for Defendant
the National Board of Medical
Examiners

Dated:  December 30, 2013

CERTIFICATE OF SERVICE

I, Maureen Holland, hereby certify that the foregoing Answer and Affirmative Defenses of Defendant the National Board of Medical Examiners has been filed electronically and is now available for viewing and downloading from the Court's Electronic Case Filing System. I further certify that a copy is being served by regular mail on December 30, 2013, on the following:

Mathew Thomas, Jr.
31 Roosevelt Avenue
Staten Island, NY  10304

/s/ Maureen P. Holland
Maureen P. Holland