# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Mathew Thomas, Jr.,

              Plaintiff

                              Civil Action No. 13-3946

V,

ECFMG, Educational Commission for Foreign Medical Graduates,
NBME-National Board of Medical Examiners

              Defendants.

---

Plaintiff, Mathew Thomas, Jr, Pro Se, for the **Amended Complaint**:

Paragraph 1. Plaintiff repeats, reiterate and realleages each and every allegation contained in paragraph 1 through 10 inclusive in the original Summons and Complaint, with the same force and effect as if more fully set forth herein.

2. Defendants, standards of proof are poorly defined,

3. Defendants, discriminated against the Plaintiff by having notion and making false allegations that the Plaintiff had knowledge of the illegal activity.

4. USMLE Bulletin, page 32 states that the standards used to determine a classification of indeterminate "may result in irregular behavior or from other factors, such as unexplained inconsistency in performance within a Step or Step Component. Plaintiff Step 2ck scores made consistent improvement.

5. They continue to state that "aberrancy (ies) in performances also classified indeterminate. Plaintiff clearly showed improvement which satisfies the requirement for their "reason and satisfactory explanation" of validating the Step 2ck score.

Waiver Rejected:

6. A recent request for an extension to the 7-year rule was denied which represents the failure to toll the scores while the appeal process was taking place.

*Falsely Accused*

7. In 2009, USMLE, NBME and all related entity sued Optima University for stealing exam questions. Plaintiff, Mathew Thomas, Jr., is being wrongfully accused because of being one of the victims of the Optima University wrong doing. Plaintiff had no part of the action, nor did Plaintiff have any knowledge of Optima University's actions or intent.

8. Defendants ECFMG and NBME, had no "direct evidence", just "assumptions", and uses terms as "made to believe" having no substantial evidence for their assumptions.

9. Plaintiff is being falsely accused because of his association as a student at Optima University. Plaintiff enrolled into a class by personal choice, without any knowledge of any illegal activity.

*Accomplice*

10. Plaintiff is being wrongfully accused because of being a student with Optima University. Plaintiff had no involvement with the wrong doing of Optima University. Plaintiff did not participate in any of the Optima University's activities that would group him as being involved in any way.

11. According to Model Penal Code, section 2.06 section B, subdivision 3, "a person is an accomplice of another person in the commission of an offense if, (a) with the purpose of promoting or facilitate the commission of an offense he (i) solicits such other person to commit; or (ii) ads or agrees or attempts to aid such other person in planning or committing it;"

12. At no time did Plaintiff's activities contribute to any of the actions described in the Model Penal Code.

*Discrimination & Freedom of Association*

13. The First Amendment states we have the right to associate. A fundamental element of personal liberty is the right to choose to enter and maintain. Plaintiff did not "conspire" to commit any crime associated with copyright laws.

14. Plaintiff is clearly being discriminated against because he participated as a student with Optima University. In addition, Plaintiff is also being discriminated against because of the number of attempts made towards the exam. Defendant has made decisions based on assumptions and association rather than facts. Therefore, causing all parties involved in the decision- making of the exam to be biased to Plaintiff. This is clearly shown through all the request made by the Plaintiff in this matter.

15. A study was conducted regarding the nonlogical pattern as to why student's score would be validated vs not being validated. In this study it clearly shows that students who had the same allegation that Plaintiff is being faced with. Study showed students that had what was believed to be the same "exposed questions" as Plaintiff had allegedly been exposed too, but their scores were validated as Plaintiff scores were not. This showed the inconsistency of whose scores were validated.

16. "it is clear that the USMLE Committee on Score Validity did validate one student's Step 2 CK score with an allegation of 30% exposed questions, and another student's Step 2 CK score with an allegation of 30% exposed questions. These step scores were found to be valid, rather than indeterminate, despite a percentage correct difference of 88% v. 67% on exposed v. unexposed questions for one student, and a percentage correct difference of 81% v. 68% for the second student. In addition, these two Step 2 CK scores were validated even with a timing differential of 56 seconds v. 80 seconds on exposed v. unexposed questions, and 60 seconds v. 71 seconds on exposed v. unexposed questions for the second student." Bennett Law Firm

17. In addition, a student in a similar situation with the example doctor, is also now in the doctor's residency, had the Step 1 score validated with 30% exposed questions, of which the doctor earned 81% correct on exposed questions and 68% correct on unexposed, with a time difference of 60 seconds on exposed questions versus 71 seconds on the unexposed questions. This student made a personal appearance before the USMLE Committee on Score Validity, and the student's score on the Step 1 examination was validated.

18. Likewise, for the two students who were facing only an allegation of 17% exposed questions and 14% exposed questions on their step examinations, their scores were also validated by the USMLE Committee on Score Validity, following their personal appearance before that Committee.

Case 2:13-cv-03946-CMR   Document 19-1   Filed 12/30/13   Page 5 of 7

19. As an example, an analysis of Student F against Student G, clarifies the seemingly lack of standard guidelines used by the USMLE Committee on Score Validity, and makes it appear as though any student who chose not to make a personal appearance automatically had their scores labeled as "indeterminate", even if their percentage of alleged exposed questions was relatively low. This conclusion is derived by simply comparing the facts of Student F against the facts of Student G as follows:

| | **Student F:** | **Student G:** |
| --- | --- | --- |
| Percentage of Exposed Questions: | 15% | 16% |
| % Correct on Exposed Questions: | 83% | 74% |
| % Correct on Unexposed Questions: | 67% | 64% |
| Time spent on Exposed Questions: | 43 seconds | 59 seconds |
| Time spent on Unexposed Questions: | 74 seconds | 76 seconds |
| Personal Appearance: | Yes | No |
| Score Validity Decision: | Validated" | Indeterminate |

20. Based on this chart and facts Plaintiff scores should be validated. Defendants decisions were conducted in an unethical manner. Their decisions were clearly contrary to the weigh of evidence.

*Negligence*

21. Defendants unreasonable acts has caused them to breach their duty of care towards the Plaintiff. Defendant had notice of an illegal activity occurring but yet allowed students to continue attending the Optima University course.

22. But for the negligent actions made by Defendants caused the Plaintiff to be at a disadvantage with his medical career and causing harm to him personally.

*Copyright Infringement*

23. Optima University was convicted for copyright infringement, along with the John Does "1-10", listed in the Summons and Complaint filed by NBME in 2009. Plaintiff was never part of any of these actions.

24. Whelen Associates, Inc. –v- Jaslow Dental Lab, In 797 F. 2d 1222, 123 (3d Cir. 1986) stated as a copyright infringement "there is no evidence of direct copying and amble evidence and substantial similarity exist between the copy righted work and the accessed work".

25. At no time did the Plaintiff promote, facilitate, solicit or aid the offense that Optima University committed. There is no evidence, nor would there be any evidence that would show Plaintiff participated in the illegal action.

*Defamation*

26. Defendants made false statements to participating committee members, causing harm to the Plaintiff's career and livelihood.

27. That the cause of action falls within the expectations set forth in Section 1602 of the Civil Practice Law and Rules.

**Damages.**

28. Plaintiff has suffered harm through emotional distress, reputational damages, and pecuniary damages due to the actions set forth by the defendants

29. Wherefore, Plaintiff, Mathew Thomas, Jr. claims damages against the defendant in the amount that exceed the jurisdiction to be determined at trial and for any further relief this Honorable Court deems necessary and appropriate.

Dated: December 11, 2013

*[signature]*

Mathew Thomas, Jr.

Pro Se

31 Roosevelt Avenue

Staten Island, New York 10304

917-856-0368

Dr.Mathew.Thomas.Jr@gmail.com

To: ECFMG, Educational Commission for Foreign Medical Graduates,
3624 Market Street
Philadelphia, Pa 19104

NBME-National Board of Medical Examiners
3750 Market Street
Philadelphia, Pa 19104