IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATHEW THOMAS, JR.,<br>                                        *Plaintiff*<br><br>v.<br><br>ECFMG – EDUCATIONAL COMMISSION<br>FOR FOREIGN MEDICAL GRADUATES<br>and NBME – NATIONAL BOARD OF<br>MEDICAL EXAMINERS<br>                                       *Defendants.* | Civil Action No. 13-3946 |

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES
TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant Educational Commission for Foreign Medical Graduates ("ECFMG"), by its attorneys, hereby answers the Amended Complaint of Plaintiff Mathew Thomas, Jr. (Doc. No. 17) in the above-captioned matter.[1]

Plaintiff's Statement:  *"Plaintiff repeats, reiterate and realleages each and every allegation contained in paragraph 1 through 10 inclusive in the original Summons and Complaint, with the same force and effect as if more fully set forth herein."*

    ECFMG's Answer:  ECFMG hereby incorporates herein by reference its Answer and Affirmative Defenses to Plaintiff's Complaint (Doc. No. 8).

Plaintiff's Statement:  *"Defendants, standards of proof are poorly defined"*

    ECFMG's Answer:  Denied.  This statement is a legal conclusion to which no response is required.  To the extent it is construed to contain factual allegations, those facts are denied.

---

[1] Federal Rule of Civil Procedure 10(b) requires, in pertinent part: "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Plaintiff's Amended Complaint is not so organized.  Accordingly, solely in the interest of clarity, ECFMG repeats Plaintiff's allegations from his Amended Complaint in italicized text.

<u>Plaintiff's Statement</u>:  *"Defendants, discriminated against the Plaintiff by having notion and making false allegations that the Plaintiff had knowledge of the illegal activity."*

>   <u>ECFMG's Answer</u>:  Denied.  This statement is a legal conclusion to which no response is required.  To the extent this statement is construed to contain factual allegations, those facts are denied.

<u>Plaintiff's Statement</u>:  *"USMLE Bulletin, page 32 states that the standards used to determine a classification of indeterminate 'may result in irregular behavior or from other factors, such as unexplained inconsistency in performance within a Step or Step Component. Plaintiff Step 2ck scores made consistent improvement."*

>   <u>ECFMG's Answer</u>:  Denied.  The USMLE Bulletin is a document that speaks for itself; Plaintiff's characterization thereof is expressly denied.  Further, ECFMG specifically denies that "Plaintiff Step 2ck scores made consistent improvement."

<u>Plaintiff's Statement</u>:  *"They continue to state that 'aberrancy (ies) in performances also classified indeterminate. Plaintiff clearly showed improvement which satisfies the requirement for their 'reason and satisfactory explanation' of validating the Step 2ck score."*

>   <u>ECFMG's Answer</u>:  Denied.  The USMLE Bulletin is a document that speaks for itself; Plaintiff's characterization thereof is expressly denied.  Further, ECFMG specifically denies that "Plaintiff clearly showed improvement which satisfies the requirement for their 'reason and satisfactory explanation' of validating the Step 2ck score."

<u>Plaintiff's Statement</u>:

*"Waiver Rejected:*

*A recent request for an extension to the 7-year rule was denied which represents the failure to toll the scores while the appeal process was taking place."*

>   <u>ECFMG's Answer</u>:  Admitted in part and denied in part.  ECFMG admits only that Plaintiff requested that ECFMG grant an exception to certain of its policies and procedures and that, after due and proper consideration, ECFMG denied Plaintiff's request.  The remainder of Plaintiff's statement is denied.

<u>Plaintiff's Statement</u>:

*"Falsely Accused*

*In 2009, USMLE, NBME and all related entity sued Optima University for stealing exam questions. Plaintiff, Mathew Thomas, Jr., is being wrongfully accused because of being one of the victims of the Optima University wrong doing. Plaintiff had no part of the action, nor did Plaintiff have any knowledge of Optima University's actions or intent."*

>   <u>ECFMG's Answer</u>:  Admitted in part and denied in part.  ECFMG admits only that there existed a lawsuit involving Optima University in the United States District Court for the

2

>Western District of Tennessee with Civil Action No. 09-1043. The remainder of Plaintiff's statement is denied.

Plaintiff's Statement: *"Defendants ECFMG and NBME, had no 'direct evidence', just 'assumptions', and uses terms as 'made to believe' having no substantial evidence for their assumptions."*

>ECFMG's Answer: Denied.

Plaintiff's Statement: *"Plaintiff is being falsely accused because of his association as a student at Optima University. Plaintiff enrolled into a class by personal choice, without any knowledge of any illegal activity."*

>ECFMG's Answer: Denied. ECFMG specifically denies that "Plaintiff is being falsely accused because of his association as a student at Optima University." ECFMG denies that "Plaintiff enrolled into a class by personal choice, without any knowledge of any illegal activity" on the basis that it lacks knowledge sufficient to form a belief as to the truth of that statement.

Plaintiff's Statement:

*"Accomplice*

*Plaintiff is being wrongfully accused because of being a student with Optima University. Plaintiff had no involvement with the wrong doing of Optima University. Plaintiff did not participate in any of the Optima University's activities that would group him as being involved in any way."*

>ECFMG's Answer: Denied.

Plaintiff's Statement: *"According to Model Penal Code, section 2.06 section B, subdivision 3, 'a person is an accomplice of another person in the commission of an offense if, (a) with the purpose of promoting or facilitate the commission of an offense he (i) solicits such other person to commit; or (ii) ads or agrees or attempts to aid such other person in planning or committing it;'"*

>ECFMG's Answer: Denied. This statement is a legal conclusion to which no response is required. Further, the Model Penal Code is presumably a document that speaks for itself; Plaintiff's characterization thereof is expressly denied.

Plaintiff's Statement: *"At no time did Plaintiff's activities contribute to any of the actions described in the Model Penal Code."*

>ECFMG's Answer: Denied. This statement is a legal conclusion to which no response is required. To the extent this statement is construed to contain factual allegations, those facts are denied because ECFMG lacks knowledge sufficient to form a belief as to the truth of those facts.

Plaintiff's Statement:

*"Discrimination & Freedom of Association*

*The First Amendment states we have the right to associate. A fundamental element of personal liberty is the right to choose to enter and maintain. Plaintiff did not 'conspire' to commit any crime associated with copyright laws."*

> ECFMG's Answer: Denied. This statement is a legal conclusion to which no response is required. To the extent this statement is construed to contain factual allegations, those facts are denied because ECFMG lacks knowledge sufficient to form a belief as to the truth of those facts.

Plaintiff's Statement: *"Plaintiff is clearly being discriminated against because he participated as a student with Optima University. In addition, Plaintiff is also being discriminated against because of the number of attempts made towards the exam. Defendant has made decisions based on assumptions and association rather than facts. Therefore, causing all parties involved in the decision- making of the exam to be biased to Plaintiff. This is clearly shown through all the request made by the Plaintiff in this matter."*

> ECFMG's Answer: Denied. This statement is a legal conclusion to which no response is required. To the extent this statement is construed to contain factual allegations, those facts are denied.

Plaintiff's Statement: *"A study was conducted regarding the nonlogical pattern as to why student's score would be validated vs not being validated. In this study it clearly shows that students who had the same allegation that Plaintiff is being faced with. Study showed students that had what was believed to be the same 'exposed questions' as Plaintiff had allegedly been exposed too, but their scores were validated as Plaintiff scores were not. This showed the inconsistency of whose scores were validated."*

> ECFMG's Answer: Denied. To the extent Plaintiff is relying on a document for this statement, it is a writing that speaks for itself; Plaintiff's characterization thereof is expressly denied.

Plaintiff's Statement: *"'it is clear that the USMLE Committee on Score Validity did validate one student's Step 2 CK score with an allegation of 30% exposed questions, and another student's Step 2 CK score with an allegation of 30% exposed questions. These step scores were found to be valid, rather than indeterminate, despite a percentage correct difference of 88% v. 67% on exposed v. unexposed questions for one student, and a percentage correct difference of 81% v. 68% for the second student. In addition, these two Step 2 CK scores were validated even with a timing differential of 56 seconds v. 80 seconds on exposed v. unexposed questions, and 60 seconds v. 71 seconds on exposed v. unexposed questions for the second student.' Bennett Law Firm"*

> ECFMG's Answer: Denied. To the extent Plaintiff is relying on a document for this statement, it is a writing that speaks for itself; Plaintiff's characterization thereof is expressly denied.

Plaintiff's Statement:  *"In addition, a student in a similar situation with the example doctor, is also now in the doctor's residency, had the Step 1 score validated with 30% exposed questions, of which the doctor earned 81% correct on exposed questions and 68% correct on unexposed, with a time difference of 60 seconds on exposed questions versus 71 seconds on the unexposed questions. This student made a personal appearance before the USMLE Committee on Score Validity, and the student's score on the Step 1 examination was validated."*

> ECFMG's Answer:  Denied.  To the extent Plaintiff is relying on a document for this statement, it is a writing that speaks for itself; Plaintiff's characterization thereof is expressly denied.

Plaintiff's Statement:  *"Likewise, for the two students who were facing only an allegation of 17% exposed questions and 14% exposed questions on their step examinations, their scores were also validated by the USMLE Committee on Score Validity, following their personal appearance before that Committee."*

> ECFMG's Answer:  Denied.  To the extent Plaintiff is relying on a document for this statement, it is a writing that speaks for itself; Plaintiff's characterization thereof is expressly denied.

Plaintiff's Statement:  *"As an example, an analysis of Student F against Student G, clarifies the seemingly lack of standard guidelines used by the USMLE Committee on Score Validity, and makes it appear as though any student who chose not to make a personal appearance automatically had their scores labeled as 'indeterminate', even if their percentage of alleged exposed questions was relatively low. This conclusion is derived by simply comparing the facts of Student F against the facts of Student G as follows:*

|  | *Student F:* | *Student G:* |
|---|---|---|
| *Percentage of Exposed Questions:* | *15%* | *16%* |
| *% Correct on Exposed Questions:* | *83%* | *74%* |
| *% Correct on Unexposed Questions:* | *67%* | *64%* |
| *Time spent on Exposed Questions:* | *43 seconds* | *59 seconds* |
| *Time spent on Unexposed Questions:* | *74 seconds* | *76 seconds* |
| *Personal Appearance:* | *Yes* | *No* |
| *Score Validity Decision:* | *Validated'* | *Indeterminate"* |

> ECFMG's Answer:  Denied.  To the extent Plaintiff is relying on a document for this statement, it is a writing that speaks for itself; Plaintiff's characterization thereof is expressly denied.

5

Plaintiff's Statement:  *"Based on this chart and facts Plaintiff scores should be validated. Defendants decisions were conducted in an unethical manner. Their decisions were clearly contrary to the weigh of evidence."*

> ECFMG's Answer:  Denied.  This statement is a legal conclusion to which no response is required.  To the extent this statement is construed to contain factual allegations, those facts are denied.

Plaintiff's Statement:

*"Negligence*

*Defendants unreasonable acts has caused them to breach their duty of care towards the Plaintiff. Defendant had notice of an illegal activity occurring but yet allowed students to continue attending the Optima University course."*

> ECFMG's Answer:  Denied.  This statement is a legal conclusion to which no response is required.  To the extent this statement is construed to contain factual allegations, those facts are denied.

Plaintiff's Statement:  *"But for the negligent actions made by Defendants caused the Plaintiff to be at a disadvantage with his medical career and causing harm to him personally."*

> ECFMG's Answer:  Denied.  This statement is a legal conclusion to which no response is required.  To the extent this statement is construed to contain factual allegations, those facts are denied.

Plaintiff's Statement:

*"Copyright Infringement*

*Optima University was convicted for copyright infringement, along with the John Does '1-10', listed in the Summons and Complaint filed by NBME in 2009. Plaintiff was never part of any of these actions."*

> ECFMG's Answer:  Admitted in part and denied in part.  ECFMG admits only that there existed a lawsuit involving Optima University in the United States District Court for the Western District of Tennessee with Civil Action No. 09-1043.  The remainder of Plaintiff's statement is denied.

Plaintiff's Statement:  *"Whelen Associates, Inc. -v- Jaslow Dental Lab, In 797 F. 2d 1222, 123 (3d Cir. 1986) stated as a copyright infringement 'there is no evidence of direct copying and amble evidence and substantial similarity exist between the copy righted work and the accessed work'."*

> ECFMG's Answer:  Denied.  This statement is a legal conclusion to which no response is required.  Further, the case cited is a writing that speaks for itself; Plaintiff's characterization thereof is expressly denied.

Plaintiff's Statement:  *"At no time did the Plaintiff promote, facilitate, solicit or aid the offense that Optima University committed. There is no evidence, nor would there be any evidence that would show Plaintiff participated in the illegal action."*

>ECFMG's Answer:  Denied.  This statement is a legal conclusion to which no response is required.  To the extent this statement is construed to contain factual allegations, those facts are denied because ECFMG lacks knowledge sufficient to form a belief as to the truth of those facts.

Plaintiff's Statement:

*"Defamation*

*Defendants made false statements to participating committee members, causing harm to the Plaintiff's career and livelihood."*

>ECFMG's Answer:  Denied.

Plaintiff's Statement:  *"That the cause of action falls within the expectations set forth in Section 1602 of the Civil Practice Law and Rules."*

>ECFMG's Answer:  Denied.  This statement is a legal conclusion to which no response is required.  To the extent this statement is construed to contain factual allegations, those facts are denied.  To the extent Plaintiff is relying on a document for this statement, it is a writing that speaks for itself; Plaintiff's characterization thereof is expressly denied.

Plaintiff's Statement:

*"Damages.*

*Plaintiff has suffered harm through emotional distress, reputational damages, and pecuniary damages due to the actions set forth by the defendants"*

>ECFMG's Answer:  Denied.

Plaintiff's Statement:  *"Wherefore, Plaintiff, Mathew Thomas, Jr. claims damages against the defendant in the amount that exceed the jurisdiction to be determined at trial and for any further relief this Honorable Court deems necessary and appropriate."*

>ECFMG's Answer:  ECFMG denies that Plaintiff is entitled to any legal or equitable relief against ECFMG.

## **AFFIRMATIVE DEFENSES OF DEFENDANT EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES**

### **First Affirmative Defense**

Plaintiff fails to state any claim upon which relief may be granted.

### **Second Affirmative Defense**

Plaintiff's claims are untimely and are limited and/or barred by the applicable statute(s) of limitations.

### **Third Affirmative Defense**

Plaintiff's claims are limited and/or barred by the express terms of the policy, program, and/or agreement(s) that form the basis of the matters complained of.

### **Fourth Affirmative Defense**

Plaintiff's claims are limited and/or barred by the doctrine of unclean hands and/or the doctrine of *in pari delicto*.

### **Fifth Affirmative Defense**

Plaintiff's claims are barred because Plaintiff perpetrated fraud.

### **Sixth Affirmative Defense**

Plaintiff's claims are limited and/or barred by the doctrine of equitable estoppel.

### **Seventh Affirmative Defense**

Plaintiff's claims are limited and/or barred because he has not suffered or incurred any recognizable damage or harm caused either directly or indirectly by ECFMG.

### **Eighth Affirmative Defense**

To the extent Plaintiff has been damaged, which ECFMG denies, all such damage was proximately and directly caused by the Plaintiff's own acts and/or omissions.

**Ninth Affirmative Defense**

To the extent Plaintiff has been damaged, which ECFMG denies, all such damage was proximately and directly caused by acts or omissions by others, not ECFMG.

**Tenth Affirmative Defense**

Plaintiff's claims are limited and/or barred due to his failure to mitigate damages, if any.

**Eleventh Affirmative Defense**

All of ECFMG's actions towards Plaintiff were justified.

**Twelfth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to take advantage of remedies available to him and to otherwise avoid harm.

**Thirteenth Affirmative Defense**

Plaintiff's claims are barred because he has not exhausted administrative remedies available to him.

**Fourteenth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because finding otherwise would be contrary to public policy.

**RESERVATION OF RIGHTS**

ECFMG reserves the right to include any such other defenses as it may deem appropriate after discovery in this matter.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  December 30, 2013 | /w/ Elisa P. McEnroe<br>Brian W. Shaffer<br>Elisa P. McEnroe<br>MORGAN, LEWIS & BOCKIUS LLP<br>1701 Market Street<br>Philadelphia, PA  19103-2921<br>215.963.5000 (tel)<br>215.963.5001 (fax)<br>bshaffer@morganlewis.com<br>emcenroe@morganlewis.com<br><br>*Attorneys for Defendant Educational Commission for Foreign Medical Graduates* |

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Answer and Affirmative Defenses of Defendant Educational Commission For Foreign Medical Graduates to Plaintiff's Amended Complaint was served this 30th day of December, 2013 via electronic filing and first-class U.S. mail, postage prepaid upon the following:

>Mathew Thomas, Jr.
>31 Roosevelt Ave.
>Staten Island, NY 10314
>
>*Pro Se Plaintiff*
>
>- and -
>
>Neil J. Hamburg, Esq.
>Maureen Holland, Esq.
>Hamburg & Golden, P.C.
>1601 Market Street, Suite 3310
>Philadelphia, PA  19103
>
>*Attorneys for Defendant National Board of Medical Examiners*

/s/ Elisa P. McEnroe
Elisa P. McEnroe