**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MATHEW THOMAS, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 2:13-CV-03946-CMR |
| | : | |
| NATIONAL BOARD OF MEDICAL | : | |
| EXAMINERS, et al. | : | |

**ORDER**

AND NOW, this \_\_\_\_ day of _____, 2014, upon consideration of the

Motion for Summary Judgment of the National Board of Medical Examiners, and Plaintiff's

response thereto, it is hereby **ORDERED** and **DECREED** that the Motion for Summary

Judgment of the National Board of Medical Examiners is **GRANTED**.    Plaintiff's claims

against the National Board of Medical Examiners are **DISMISSED** with prejudice.


_____

Rufe, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| MATHEW THOMAS, JR. | : | CIVIL ACTION |
|  | : |  |
| v. | : | NO. 2:13-CV-03946-CMR |
|  | : |  |
| NATIONAL BOARD OF MEDICAL EXAMINERS, et al. | : | |
|  | : | |

**MOTION FOR SUMMARY JUDGMENT OF THE NATIONAL BOARD OF MEDICAL EXAMINERS PURSUANT TO JUDGE RUFE'S REQUIRED PROCEDURE AND RULE 56 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**I.      OVERVIEW OF PLAINTIFF'S CLAIMS**

Plaintiff Mathew Thomas, Jr. ("Thomas") alleges that the National Board of

Medical Examiners ("NBME") violated federal and state law by characterizing his test score as

"indeterminate" and by applying the same rules to him that it applies to all examinees.   The

NBME incorporates the Statement of Stipulated Material Facts attached as Exhibit A.

Although not clearly articulated in either the Complaint or Amended Complaint, Plaintiff put

forth four claims during his deposition[1]:

> **A.      DISCRIMINATION** (Thomas Dep. 49:7-50:12.)
> **B.      DEFAMATION** (Id. at 50:13-53:6.)
> **C.      NEGLIGENCE** (Id. at 53:23-54:17.)
> **D.      VIOLATION OF THE FIRST AMENDMENT** (Id. at 53:17-22.)

There is insufficient evidence to support any of these claims.

**II.     AFFIRMATIVE DEFENSES**

Plaintiff has failed to adduce evidence sufficient to sustain his claims.[2]

**III.    LEGAL ISSUES**

---

[1]  Thomas Dep. 48:11-61:24, Jan. 10, 2014.

[2]  Neither Plaintiff's Complaint nor his Amended Complaint contain legal claims.   At his deposition, counsel for the Defendants attempted to get Plaintiff to clarify his claims.   Because Plaintiff did not raise claims in his pleadings, the NBME did not raise affirmative defenses specific to those claims.   The NBME raises those affirmative defenses here.

- 2 -

As in all civil cases, the plaintiff has the burden of proof on each and every element of his claim against the defendants.

## A.     DISCRIMINATION

1.      Federal law prohibits discrimination in:   1) education, 2) employment, 3) housing, 4) lending, 5) public accommodations, 6) law enforcement, and 7) voting.

2.      Pennsylvania law prohibits discrimination in:   1) employment, 2) education, 3) public accommodations, 4) housing, and 5) commercial property.

3.      As a co-sponsor of the United States Medical Licensing Examination ("USMLE"), the NBME is subject to both federal and Pennsylvania anti-discrimination laws as a provider of a public accommodation.[3]

4.      Federal law prohibits public accommodations discrimination based on the following protected classes:   1) national origin, 2) race, 3) color, 4) religion, 5) disability, 6) sex, and 7) familial status.

5.      Pennsylvania law prohibits discrimination based upon the following protected classes: 1) race, 2) color, 3) age (40 and over), 4) sex, 5) ancestry, 6) national origin, 7) religion, and 8) disability.

6.      Neither federal nor Pennsylvania law prohibits discrimination on bases other than those protected classifications.

7.      Plaintiff alleges that the NBME discriminated against him based upon his status as an Optima employee and student.

9.      Because Plaintiff does not assert that he was discriminated against based upon his membership in a protected class recognized under federal or Pennsylvania law, the NBME is entitled to summary judgment on his claim of discrimination.

---

[3]  Doe v. National Bd. of Med. Examiners, 199 F.3d 146, 157 (3rd Cir. 1999), holding that as a test-sponsoring organization, the NBME provides a public accommodation.

- 3 -

**B.    DEFAMATION**

1.    To establish a claim for defamation, a plaintiff has the burden of proving:   1) the

defamatory character of the communication, 2) its publication by the defendant, 3) its

application to the plaintiff, 4) the recipient's understanding of its defamatory meaning, 5)

the recipient's understanding that it applies to the plaintiff, 6) special harm resulting from

its publication, and 7) abuse of a conditionally privileged occasion.[4]

2.    The defendant has the burden of proving the following affirmative defenses: 1) the truth

of the defamatory communication, 2) the privileged character of the publication, and 3)

the subject matter of the defamatory comment is one of public concern.

3.    Conditional privilege attaches "when a statement is made on a proper occasion, in a

proper manner, for a legitimate reason of the speaker and is based on reasonable cause."[5]

4.    Plaintiff alleges that the NBME is liable to him for defamation because NBME

employees told members of the Committee on Score Validity that Thomas had been an

employee and student at Optima.

5.    Statements made by NBME staff to members of the Committee on Score Validity were

conditionally privileged because those statements were made in confidence to members

of the Committee on Score Validity for the legitimate purpose of assisting them in

evaluating Plaintiff's exam score and its validity.

6.    Statements that the NBME made concerning Plaintiff's connection to Optima as an

employee and student are true.   At his deposition, Plaintiff admitted to working at

Optima.

7.    Because Plaintiff cannot establish that the NBME's communications about plaintiff's

status as an Optima student and employee constituted an abuse of a conditionally

---

[4]  42 Pa. C.S. § 8343

[5]  Giordano v. Claudio, 714 F.Supp.2d 508, 528 (E.D. Pa. 2010)

- 4 -

privileged occasion, and because the communications are true, summary judgment should be granted in favor of the NBME on the claim of defamation.

**C.**     **NEGLIGENCE**

1.     To establish a claim for negligence, a plaintiff must establish:    1) that the defendant had a duty to the plaintiff, 2) that the defendant breached that duty, 3) that the defendant's breach caused injury or loss, and 4) that the plaintiff suffered injury or loss.[6]

2.     Plaintiff alleges that the NBME had a duty to warn him not to participate in the USMLE review course offered by Optima University, a private for-profit entity with no affiliation with the NBME or the USMLE program.

3.     Pennsylvania recognizes a duty to warn in certain limited contexts.  For example, manufacturers and sellers of dangerous products may have a duty to warn consumers about the dangerous nature of those products.

4.     No court in the United States has held that entities that offer standardized tests have a duty to warn examinees against participating in disreputable test prep courses utilizing stolen copyrighted content.

5.     Because the law does not impose a duty on testing entities, summary judgment should be granted in favor of the NBME on the issue of negligence.

**D.**     **VIOLATIONS OF THE FIRST AMENDMENT**

1.     Plaintiff alleges that the NBME violated his First Amendment freedom to associate with Optima.

2.     The First Amendment of the United States Constitution "imposes limitations on governmental abridgment of freedom to associate and privacy in one's associations."[7]

---

[6]  See Unglo v. Zubik, 29 A.3d 810 (Pa. Super. 2011)
[7]  NAACP v. State of Alabama, 357 U.S. 449, 462 (1958) (internal quotations omitted)

- 5 -

3.      42 U.S.C. § 1983 creates private causes of action for constitutional violations that state

actors or non-governmental actors commit "under color of state law."[8]

5.      The Third Circuit has held that the NBME is a non-governmental actor and does not act

under color of state law for purposes of civil rights claims.[9]

6.      Even if the NBME were a state actor, Plaintiff has alleged no facts that support his

contention that the NBME interfered with his association with Optima.

7.      Because the NBME is not a state actor, and because it did nothing to interfere with

Plaintiff's association with Optima, summary judgment should be granted in favor of the

NBME on the issue of First Amendment violations.

## IV.   PRAYER FOR RELIEF

Based on the reasons set forth above, the NBME requests that judgment be

entered in its favor and against Plaintiff under Rule 56 of the Federal Rules of Civil Procedure.

## V.   CERTIFICATION

Undersigned counsel, Maureen P. Holland, affirms that there is no legally

sufficient evidentiary basis to support Plaintiff's claims against the NBME, based on the issues

identified herein.

/s/ Maureen P. Holland
Neil J. Hamburg
Maureen P. Holland
ID. Nos. 32175 and 206327
HAMBURG & GOLDEN, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA   19103-1443
(215) 255-8590
hamburgnj@hamburg-golden.com
hollandmp@hamburg-golden.com
Attorneys for Defendant
the National Board of Medical Examiners

Dated: May 12, 2014

---

[8] 42 U.S.C. § 1983
[9] Boggi v. Medical Review and Accrediting Council, 415 Fed.Appx. 411, 414 (3rd Cir. 2011)

## CERTIFICATE OF SERVICE

I, Maureen P. Holland, hereby certify that the foregoing Motion for Summary Judgment has been filed electronically and is now available for viewing and downloading from the Court's Electronic Case Filing System.   I further certify that a copy is being served by e-mail on May 12, 2014 on the following:

Mathew Thomas, Jr.
dr.mathew.thomas.jr@gmail.com

/s/ Maureen P. Holland
Maureen P. Holland