IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATHEW THOMAS, JR.,<br>*Plaintiff*<br><br>v.<br><br>ECFMG – EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES and NBME – NATIONAL BOARD OF MEDICAL EXAMINERS<br>*Defendants.* | Civil Action No. 13-3946 |

**THE EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES'
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Dated:  May 12, 2014

Brian W. Shaffer
Elisa P. McEnroe
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103-2921
215.963.5000 (tel)
215.963.5001 (fax)
bshaffer@morganlewis.com
emcenroe@morganlewis.com

*Attorneys for Defendant Educational
Commission for Foreign Medical Graduates*

Pursuant to Federal Rule of Civil Procedure 56 and this Court's preferred procedures for summary judgment, Defendant Educational Commission for Foreign Medical Graduates ("ECFMG") hereby respectfully moves for summary judgment. The Court should dismiss this action in its entirety because there remains no genuine issue of material fact and ECFMG is entitled to judgment as a matter of law.

## I.   BACKGROUND

ECFMG is a is a non-profit organization that promotes quality health care for the public by, among other things, certifying international medical graduates ("IMGs") for entry into graduate medical education in the United States. *See* Statement of Stipulated Material Facts, ¶ 5 (hereinafter "Stipulated Facts"). ECFMG fills myriad roles in the U.S. medical community, including certain roles with respect to the United States Medical Licensing Examination ("USMLE"),[1] as it relates to IMGs. *See id.* at ¶ 9.

Plaintiff Mathew Thomas, Jr. ("Plaintiff"), an IMG, sued the National Board of Medical Examiners ("NBME")[2] and ECFMG because one of Plaintiff's USMLE exam scores was deemed indeterminate by the USMLE's Committee on Score Validity ("CSV"),[3] meaning that the CSV could not certify that Plaintiff's exam score was a valid measure of his ability. *See id.* at ¶ 24. Plaintiff's exam score was brought to the CSV's attention following discovery that a test preparation course called Optima University ("Optima") improperly possessed and unlawfully distributed copyrighted USMLE test questions and answers. *See id.* at ¶¶ 16-22. Plaintiff attended Optima as a student to prepare for the exam at issue and also was an employee at

---

[1] To practice medicine in the United States, any candidate is required to take a series of standardized exams, referred to as the USMLE "Steps." *See* Stipulated Facts at ¶¶ 8-13. There are three USMLE Steps with four component exams: Step 1, Step 2CK ("clinical knowledge"), Step 2CS ("clinical skills") and Step 3. *See id.* The discussion herein pertains to Plaintiff's Step 2CK score dated December 31, 2007. *See id.* at ¶ 24.

[2] ECFMG hereby incorporates the arguments in NBME's summary judgment motion that is also being filed today.

[3] Both NBME and ECFMG have representatives on the CSV. *See id.* at ¶ 21.

- 1 -

Optima when the FBI raided Optima's headquarters in connection with this unlawful possession of examination materials.  *See id.* at ¶¶ 18-19.

Plaintiff was permitted to submit a written statement and appear personally before the CSV in connection with the allegation that his exam score was not valid, and Plaintiff did both. *See id.* at ¶ 23.  After reviewing all the materials and hearing from Plaintiff, the CSV found, based on Optima's unlawful access to USMLE questions and a specific review of Plaintiff's exam, that CSV could not certify that Plaintiff's exam score was a valid measure of his ability, and therefore offered Plaintiff an opportunity to take a validating exam to revive his exam score. *See id.* at ¶¶ 24 & 26.  Plaintiff took and failed the validating exam.  *See id.* at ¶ 27.

The invalidation of Plaintiff's exam score had practical consequences for Plaintiff:

- **ECFMG's 7 Year Rule:**  To obtain an ECFMG certificate, an IMG must pass Step 1, Step 2CS and Step 2CK within seven years.  *See id.* at ¶ 32.  One purpose of this rule is to ensure that the scientific and medical knowledge of IMGs obtaining ECFMG certification is current. *See id.*  The invalidation of Plaintiff's December 31, 2007 Step 2CK score meant that he did not pass all of the required Steps within seven years.  *See id.* at ¶ 29 (including exam history). As a result, Plaintiff has not been ECFMG certified since March 4, 2010.  *See id.* at ¶ 34.

- **USMLE's 6 Attempt Limit:**  A USMLE rule limits examinees to six unsuccessful attempts at taking any single USMLE exam.  *See id.* at ¶ 30.  Under this six attempt limit, Plaintiff is ineligible to take Step 2CK again.  *See id.* at ¶ 31.

While it is unfortunate that Plaintiff's intention to enter the practice of medicine has not worked out for Plaintiff, it is not ECFMG's fault, and it is certainly not legally actionable. Through discovery, ECFMG has discerned Plaintiff's claims against ECFMG to be: (i) alleged discrimination based on his participation in Optima, poor prior examination history, and having attended multiple medical schools; (ii) a purported violation of Plaintiff's First Amendment Freedom to Associate, based on his participation in Optima; and (iii) "guilt by association," based on his participation in Optima.[4]  Each of these claims fails.  Neither Plaintiff's Complaint

---

[4] Throughout, the precise nature of Plaintiff's claims has been unclear.  For example, at his January 10, 2014 deposition, Plaintiff testified that certain of his claims pertained just to NBME or pertained mainly to NBME, without articulating the basis to bring the claims against ECFMG (*e.g.*, defamation and false accusations).

- 2 -

(Doc. 1), nor his Amended Complaint (Doc. 17)[5] states any valid claim against ECFMG, there is no genuine issue as to any material fact, and ECFMG is entitled to judgment as a matter of law.

## II.     PLAINTIFF'S DISCRIMINATION CLAIM FAILS.

Among other reasons, Plaintiff's discrimination claim fails because the characteristics on which he bases his claim—participation in Optima, his poor examination history, and having attended multiple medical schools[6]—do not put him in a protected class on which he can base a discrimination claim. *See, e.g.*, *Bennun v. Rutgers State Univ.*, 941 F.2d 154, 171 (3d Cir. 1991) (obligating plaintiff to establish a *prima facie* case on the merits of his discrimination claim, including proof of membership in a protected class).

## III.    PLAINTIFF'S FREEDOM TO ASSOCIATE CLAIM FAILS.

Plaintiff alleges that ECFMG violated his right to associate based on his involvement in Optima. Among other reasons, Plaintiff's claim fails because ECFMG is not a state actor.[7] Plaintiff's claim also fails because it is not based on either of the two types of activities that fall within the constitutionally protected freedom of association: "intimate association" and

---

Accordingly, ECFMG addresses herein only claims Plaintiff articulated as to ECFMG directly. To the extent that Plaintiff articulates additional claims not addressed herein, such claims would likewise fail. ECFMG reserves the right to address in its Reply brief any additional claims Plaintiff may try to articulate through a Response, including claims that appeared previously to be against NBME rather than ECFMG.

[5] Following the Rule 16 conference, this Court gave Plaintiff an opportunity to amend the Complaint. *See* November 26, 2013 Order (Doc. 14). Thereafter, Plaintiff filed an Amended Complaint (Doc. 17).

[6] Notably, those facts are all true. *See* Stipulated Facts at ¶ 2 (Plaintiff attended three medical schools), ¶ 18 (Plaintiff was involved with Optima), ¶ 19 (same), ¶ 20 (same), ¶ 29 (Plaintiff had a poor examination history).

[7] *See, e.g.*, *Elias v. ECFMG*, 2010 WL 4340640 (N.J. Super. Ct. 2010) ("ECFMG is a private, not-for-profit organization, which through its certification program assesses the readiness of a[n IMG] to enter residency or fellowship programs in the United States. ECFMG is not a subdivision of or affiliated with any governmental entity, its Board of Trustees receives no funding from any governmental entity, no individual from defendant New Jersey State Board of Medical Examiners (NJSBME) sits on ECFMG's Board of Trustees, and it sets its own standards for an [IMG]'s eligibility to take the United States Medical Licensing Examination (USMLE).") (unpublished); *Staudinger v. ECFMG*, No. 92-8071, 1993 WL 138954 (S.D.N.Y. Apr. 28, 1993) (dismissing Section 1983 claims because ECFMG is not a state actor and does not act under the color of state law); *Brown v. Fed'n of State Med. Bds.*, No. 82-7398, 1985 WL 1659, at *5 (N.D. Ill. May 31, 2005) (holding that ECFMG is "not [a] state agenc[y]" and that "[t]he actual state actors here are the state licensing boards, which have complete control over whether or not to use the defendants' tests, and if so, how to use these tests. Thus, the defendants are supplying a service used by candidates and state boards. This supplying of a testing service does not make defendants state actors any more than the company which provides the state with office supplies acts under color of state law. The state boards are at most defendants' consumers; defendants do not participate in a state activity.").

"expressive association." *City of Dallas v. Stanglin*, 490 U.S. 19, 25 (1989) (citing *Roberts v. U. S. Jaycees*, 468 U.S. 609, 617-18 (1984)) (holding that there is no generalized right of social association that would include chance dance halls encounters); *Pi Lambda Phi Fraternity, Inc. v. Univ. of Pittsburgh*, 229 F.3d 435, 442-45 (3d Cir. 2000) (citing same) (holding that membership in university fraternity did not constitute either intimate or expressive association).

## IV. PLAINTIFF'S GUILT BY ASSOCIATION CLAIM FAILS.

Plaintiff's allegation that ECFMG committed "guilt by association" is not legally cognizable and should be dismissed.

## V. EVEN IF PLAINTIFF WERE TO PREVAIL, HE WOULD NOT BE ENTITLED TO ANY RELIEF.

### A. Injunctive Relief Is Not Warranted.

Even assuming *arguendo* that Plaintiff could establish a violation of some cognizable legal right (and, as explained above, he cannot), no basis exists for this Court to force ECFMG to grant an exception to its policies and procedures, which are in place to protect the health of the U.S. public. Plaintiff is not entitled to injunctive relief for at least two reasons:

1. A key element considered in determining whether to grant an injunction is whether it would be in the public interest. *See, e.g.*, *Winter v. NRDC*, 555 U.S. 7, 24 (2008) ("In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction."). It would be contrary to the public interest for this Court to mandate that ECFMG (or any other entity) deem Plaintiff's exam score valid, when it cannot be determined to be so. ECFMG endeavors to protect the health of the public through application of its policies and procedures, and an end-run around them would be adverse to the public interest; and

2. Plaintiff's alleged income-related harm does not serve as a basis for injunctive relief. *See, e.g.*, *Sampson v. Murray*, 415 U.S. 61, 90 (1974); *Chambliss v. City of Phila.*, 535 A.2d 291, 293 (Pa. Commw. Ct. 1987).

### B. Plaintiff Is Not Entitled To Damages; He Is His Own Impediment To Practicing Medicine.

Even if Plaintiff were to prevail, he would not be entitled to any damages because his inability to enter the practice of medicine in the United States is his own doing, and was not

caused by his exam score being deemed indeterminate. Before the Optima issue came to light, there was an extended period of time when Plaintiff was certified by ECFMG—from January 24, 2008 to March 4, 2010—during which Plaintiff could have entered graduate medical education (*i.e.*, residency) in the United States (*see* Stipulated Facts at ¶ 34); however, Plaintiff did not obtain a residency position during the time he was ECFMG certified (*see id.* at ¶ 36). The CSV's subsequent determination that Plaintiff's exam score was indeterminate has given Plaintiff a purported scapegoat for his inability to continue his medical education in the United States. However, separate and apart from Plaintiff's exam score being indeterminate, Plaintiff was not able to obtain a residency position. *See id.* Plaintiff should not be allowed to use this Court to improperly bolster his credentials when he was unable to secure a residency position on his own merit before the exam score invalidity question was even raised. Instead, the Court should end this expensive escapade and dismiss Plaintiff's claims with prejudice.

## VI.   CONCLUSION

There remains no genuine issue of material fact and ECFMG is entitled to judgment as a matter of law. Accordingly, ECFMG respectfully requests that this Court grant this Motion for Summary Judgment and enter an Order in the form attached, dismissing this case with prejudice.

                              Respectfully submitted,

Dated:  May 12, 2014            */s/ Elisa P. McEnroe*
                                   Brian W. Shaffer
                                   Elisa P. McEnroe
                                   MORGAN, LEWIS & BOCKIUS LLP
                                   1701 Market Street
                                   Philadelphia, PA  19103-2921
                                   215.963.5000 (tel)
                                   215.963.5001 (fax)
                                   bshaffer@morganlewis.com
                                   emcenroe@morganlewis.com

                                   *Attorneys for Defendant Educational Commission for Foreign Medical Graduates*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Motion for Summary Judgment was served this 12th day of May, 2014 via electronic mail:

>Mathew Thomas, Jr.
>31 Roosevelt Ave.
>Staten Island, NY 10314
>dr.mathew.thomas.jr@gmail.com
>
>*Pro Se Plaintiff*
>
>- and -
>
>Neil J. Hamburg, Esq.
>Maureen Holland, Esq.
>Hamburg & Golden, P.C.
>1601 Market Street, Suite 3310
>Philadelphia, PA  19103
>hamburgnj@hamburg-golden.com
>hollandmp@hamburg-golden.com
>
>*Attorneys for Defendant National Board of Medical Examiners*

*/s/ Elisa P. McEnroe*
Elisa P. McEnroe

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATHEW THOMAS, JR., *Plaintiff* <br><br> v. <br><br> ECFMG – EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES and NBME – NATIONAL BOARD OF MEDICAL EXAMINERS <br> *Defendants.* | Civil Action No. 13-3946 |

## [PROPOSED] ORDER

AND NOW, this ___ day of _____, 2014, Defendant Educational Commission for Foreign Medical Graduates' Motion for Summary Judgment is hereby **GRANTED** with prejudice.  Accordingly, this case is **DISMISSED** in its entirety and the Clerk's office is directed to mark this case **CLOSED**.

_____
Cynthia M. Rufe, J.