Mathew Thomas, Jr., MD
May 8, 2013

transcript. This matter is not about a lesson learned for a student studying for his boards, but instead, it is about true facts that, if not carefully reviewed, will affect my future. Not receiving a true statistical analysis, but instead a "message", is not complying with your policy.

Section B procedure, 2(c), states, "…to determine whether a clearly reasonable and satisfactory explanation for the results of the statistical analysis has been obtained." In a letter received by Susan Deitch on February 17, 2010, page 4, it stated that "the Committee did not find it reasonable or appropriate to make presumptions about the validity of your scores on this examination based upon your performance on the non-exposed scored items." This statement is untrue, in fact a presumption was made when it was presented that the average of exposed questions spent by the test taker was 73 seconds. The committee has made an assumption that based on their presumption that I was exposed to a certain amount of questions based on how many seconds I spent on each question. The difference in time was pure seconds, not minutes. According to my hearing, I did not get all the questions correct that I was presumably "exposed" too. I was penalized because I spent an average of 59 seconds on presumably exposed questions. According to the committee's explanation, if I spent 73 seconds on an assumed "exposed" question, I would have received credit. Therefore, I should have received credit for the questions that I spent at or about 73 seconds from the question set that are presumably "exposed", since an average of 59 seconds was used to make this decision, not a statistical analysis. An average would mean that the time spent on questions was less than 59 seconds, as well as above 59 seconds.

According to the committee I scored 66%. Again, due to the fact I don't have a clear analysis of where the 66% came from, I was forced to do my own math. On page 14 of the transcript, I discuss what was presented to me by Janet Catson about the number of questions

Mathew Thomas, Jr., MD
May 8, 2013

that were counted towards scoring. Out of 346questions,there were 288 questions in the Step 2

exam that were counted for scoring on the December 2007 exam that I sat for. The passing score

is 184. 66% of 288 equal 190.08, a passing score. According to your reasoning a passing score is

determined by showing, "presumption that the predicted performance provides a reasonable and

appropriate level of confidence with respect to the validity and reliability of the reported results."

Obviously I had the majority of the questions correct even at the 66%. With that being said, and

not being provided with an actual statistical analysis, my scores were not validated in accordance

to your section B procedure, 2 (c).

According to the civil action matter of case 1:09-cv-01043-JDB-cgc, NBME &

Federation of State Medical Boards –v- Optima University LLC, etal., evidence of unethical

activity was not confirmed until 2008.I took the exam December 2007. As I stated on page 12 of

my transcript, Optima University updated their question bank in March 2008, after my exam.

Therefore, I had no exposure to those questions. The lawsuit also mentions that there was

suspicion in 2007 that an unethical matter may be occurring, but yet no precautions were taken

so students like me would have notice and not be placing our career on the line. There are a

couple of legal proceedings filed on this matter and the common phrase is "multiple attempts." It

is alluding to students who have taken the Step exam multiple times and making the assumption

that they only passed because they participated in the Optima University review. I feel that this

assumption was made about me because I had numerous attempts and therefore not giving me a

fair opportunity to validate my score. The difference for me is that I made consistent

improvements with each attempt.

Mathew Thomas, Jr., MD
May 8, 2013

Currently, I am preparing to retake my Step2CK. Based on the timeline of the occurrences and the hold on my file pending the outcome of the investigation, I believe that the time lost can be justifiability added to the end of my 7 year window, which would have stated after passing my first Step exam. I ask that this committee to look at the timeline and grant the extension to the 7 year exam period, which started with the first step exam that I passed.

In conclusion, like the rest of the students whose scores were validated, I had no knowledge of any unethical matters that were occurring at Optima University. My score is a true reflection of my own hard work. I can prove that again by allowing the extension to the 7 year exam period. I have attached supporting documentation for your review to justify the time frames.

Please know that I am available for any questions. In fact, I would welcome such an opportunity. Thank you for your time.

Sincerely,
Mathew Thomas, Jr., MD

# Exhibit #12

Medical Board License Requirements - Medical License Direct



# State Medical Board License Requirements



Physicians who practice medicine are required by all state medical boards to acquire a full, unrestricted medical license before practicing medicine in that state.

Medical License Direct provides medical licensing services to physicians who are seeking state medical licenses in one or more states. The service includes professionally preparing the application, requesting third-party verifications required by the boards and follow-up for the physician until the license is issued.

Our experience and expertise with the medical licensing process, knowledge of board procedures, requirements and excellent relations with medical board personnel has taught us how to help you avoid pitfalls. We coordinate the medical licensing process and, in most cases, **complete it a lot faster than you can**.

Perhaps you need multiple state medical licenses or information about a **telemedicine** license. Licensing consultants are standing by to assist you and answer your questions about licensing requirements, determine your eligibility for any of the U.S. Medical Boards and discuss the service we offer.

**Discounts** are available for multi-state acquisitions.

Call, **850-623-1302**, weekdays 7:30 am to 5:00 pm and Saturdays 9:00 to noon CST for a **FREE initial consultation or quote.**

Or **email** your questions to **info@medicallicensedirect.com** and you can expect a reply within an hour or two during business hours.

We also offer a **pre-qualification form** for your convenience. Or, please click **here** for our paper or online form and we'll get started right away.

| State Medical Boards<br><br>All international medical graduates (IMG's) must be ECFMG certified | Amount of Required Post Graduate Training Years AMG/IMG | "10 Year Rule" ABMS or SPEX or USMLE required within last 10 years | Step 3 USMLE Attempts / Years Limits |
|---|---|---|---|
| Alabama State Board of Medical Examiners<br>If board certified in a specialty recognized by one of the American Board of Medical Specialties you're not required to complete all steps within seven (7) years, but only 10 attempts total are permitted. | 1 / 3 | YES | 3 attempts for step 3 / 7 or 10 years if MD/PhD |
| Alaska State Medical Board | 2 / 3 | NO | 2 / 7 or 10 if MD/PhD |
| Arizona Board of Medical Examiners | 1 / 3 | NO | none / 7 |
| Arizona Board of Osteopathic Examiners in Medicine and Surgery | 1 / N/A | | N/A |
| Arkansas State Medical Board<br>For IMGs ONLY - Completion of at least three (3) years of internship or residency in an ACGME approved program in the United States, | 1 / 3 see notes | No | 3/7 or 10 if MD/PhD |

State Medical Board License Requirements - Medical License Direct

OR served three (3) years as an intern or resident in a postgraduate medical education program outside the United States, completed one (1) year or more of fellowship training in an ACGME approved program in the United States AND received board certification by the American Board of Medical Specialties,

OR have completed at least one 1) year of internship or residency in an ACGME approved program in the United States AND be currently enrolled in a postgraduate training program in Arkansas.

The Arkansas State Medical Board requires that each Step of the USMLE is to be taken no more that three (3) times each and all Steps must be taken and passed within seven (7) years. The time starts upon successful completion of either Step 1 or Step 2, whichever is passed first. The Board goes year to year only, meaning that if the first successful passing was done in 2000, the final successful passing must be done by the end of 2007. This time period is extended to ten (10) years if the applicant was taking a combined M.D./PhD program.

| | | | |
|---|---|---|---|
| Medical Board of California<br>CA does not have the "7 year rule" where you must complete all three steps of USMLE in 7 years. However, each step of the examination is valid for a period of 10 years from the month of the examination.  If you have scores that are over 10 years old, please contact the Medical Board of California directly at (916) 263-2382 to verify if you will need to revalidate your scores to meet the licensing requirements.<br><br>CA does not have an attempt limit for steps 1 and 2, but they do for step 3. If you started taking step 3 after 1/1/07, you may fail it three times and pass on the 4th attempt. If you fail more then four times after 1/1/07 you're not eligible for a CA license.<br><br>If you attempted step 3 prior to 1/1/07 and failed it doesn't matter how many times you failed it. For step 3 the clock on attempts starts 1/1/07. Please refer to CA's website for more information. | 1 / 2<br>. | Yes<br>If you have held an unrestricted license in the U.S./Canada for a period of four years or more, the 10 year examination validity may not apply.  Time spent in approved postgraduate or fellowship training may not be included in the calculation of the four year period. | 4 / 10 |
| Osteopathic Medical Board of California | 1 / N/A | | N / A |
| Colorado Board of Medical Examiners | 1 / 3 | No | none / 7<br>10 if PhD waiver possible but rare |
| Connecticut Medical Examining Board                          . | 2 / 2 | No | none / none |
| Delaware Board of Medical Practice | 1 / 3 | No | 6 / none |
| District of Columbia Board of Medicine<br>U.S. or Canadian medical graduates - Two (2) years of postgraduate clinical training, except those applicants who graduated prior to January 1, 1990, and applicants using Step 3 of the United States Medical Licensing Examination as part of their examination requirement, shall only be required to have one (1) year of postgraduate clinical training. All postgraduate clinical training must be at a hospital or health care facility licensed in the United States in a program accredited by the Accreditation Council for Graduate Medical Education (ACGME) or the American Osteopathic Association (AOA) or in Canada accredited by the LMCC.<br><br>An applicant who has not attained a passing score on Step 3 of the USMLE after three (3) attempts shall complete one (1) additional year of accredited postgraduate clinical training before being eligible to take step 3 again. | 1 if graduated from medical school before 1990 or using step 3, otherwise<br>2 / 3 | No | 3 attempts for step 3, if more than 3 than add'l training is required / 7 (no waivers) |
| Florida Board of Medicine<br>The board may require an applicant who does not pass the national licensing examination after five attempts to complete additional remedial education or training. The board shall prescribe the additional requirements in a manner that permits the applicant to | 1 / 2 | No | 5 ? / none |

State Medical Board License Requirements - Medical License Direct

| | | | |
|---|---|---|---|
| complete the requirements and be reexamined within 2 years after the date the applicant petitions the board to retake the examination a sixth or subsequent time. | | | |
| Florida Board of Osteopathic Medicine | 1 / N/A | | N / A |
| Georgia Composite State Board of Medical Examiners On Friday, February 5, 2010, the members of the Georgia Composite Medical Board voted to use the list titled Medical Schools Recognized by the Medical Board of California as its official reference for approval of medical schools located outside the United States and Canada. Graduates of the schools contained in this list are required to complete one (1) year of post graduate training in a program accredited by the Accreditation Council for Graduate Medical Education (ACGME).

Graduates attending schools not listed in the Medical Schools Recognized by the Medical Board of California must complete three (3) years of post graduate training in a program accredited by the ACGME. The list can be viewed online at: http://www.mbc.ca.gov/applicant/schools.html | 1 / 1 or 3 see notes | No | 3 / 7 waiver |
| Hawaii Board of Medical Examiners | 1 / 2 | No | none / 7 |
| Idaho State Board of Medicine | 1 / 3 | No | 2 per step / 7 |
| Illinois Department of Professional Regulation | 1 / 1 if < 1987 2 / 2 if > 1988 | No | 5 attempts all steps combined / 7 waiver |
| Indiana Health Professions Bureau If you do not meet the ten (10) year period, you may apply for licensure and retake Step 1 and/or Step 2 of the USMLE to put you within the ten (10) year period if it does not put you over the three (3) attempts. You must make application and request to retake Step 1 and/or Step 2. The Board will send out the appropriate letters to the Federation so that you may reapply to take the appropriate steps of the USMLE. If it has taken you more than three (3) attempts to pass a step of the USMLE you are not eligible for licensure in Indiana. | 1 / 2 | No | 3 attempts per step / 10 |
| Iowa Board of Medicine   Applicants who have taken more than ten years to complete all three steps of the USMLE or COMLEX and are not specialty board certified by a member board of the American Board of Medical Specialties or American Osteopathic Specialty Boards, should contact Amy Van Maanen, Director of Licensure, at 515-281-6492. Applicants in this situation do not meet the licensure requirements and will need to request a waiver to administrative rule 653 IAC-9.4(2)e(1). Discussion with a staff person prior to applying may assist in determining whether to submit an application to the Board. Attempt limits are six for Step 1, six for Step 2 and three for Step 3. | 1 / 2 | No | 3 / 10 |
| Kansas Board of Healing Arts | 1 / 2 | No | 4 / 10 Waiver |
| Kentucky Board of Medical Licensure | 2 / 2 | No | 4 attempts per step / 7 |
| Louisiana State Board of Medical Examiners | 1 / 3 | Yes | 4 / none |
| Maine Board of Licensure in Medicine | 2 if < 7/04 / 3 3 if > 7/04 / 3 | No | 3 / 7 waiver |
| Maine Board of Osteopathic Licensure | 1 / N/A | No | N / A |
| Maryland Board of Physician Quality Assurance AS OF EARLY 2013 An applicant, who has passed the requisite examination after failing the examination or a part of the examination three or more times, may nonetheless qualify for a license if the applicant: (1) Has successfully completed two or more years of an accredited residency or fellowship; or (2) Has at least five years of clinical medical practice in the United | 1 / 2 | No | 3 see notes for exceptions/ 10 |

| | | | |
|---|---|---|---|
| States or Canada, with at least three of the five years having occurred within five years of the date of application, as long as the clinical practice was under a full unrestricted license to practice medicine and no disciplinary action is pending or has been taken against the applicant that would be grounds for discipline by the Board; or (3) Is board certified. Passage of this legislation, thus, does not mean that an applicant for medical licensure does not have to pass the required examinations, nor does it alter the provisions in the Code of Maryland Regulations (COMAR) 10.32.01.03.G.(1) pertaining to the 10-year period for successfully completing the required medical exams. | | | |
| **Massachusetts Board of Registration in Medicine** There are no requirements on how many times you may sit for USMLE Steps 1 and 2. However, if an applicant is applying for a full license and fails USMLE Step 3 more than 6 times, the Licensing Committee will review his/her full license application. At that time, the Licensing Committee may require the applicant to provide additional indicia as evidence of clinical knowledge. | 1 / 2 | No | 6 / 7 exception for MD/PhD |
| **Michigan Board of Medicine** You have 5 years from your first attempt to pass the USMLE Step 3. | 2 / 2 | No | none / 5 + add'l PGY |
| **Michigan Board of Osteopathic Medicine and Surgery** | 1 / N/A | | N / A |
| **Minnesota Board of Medical Practice**   Applicants must have passed steps 1, 2 and 3 within three attempts. Four attempts are allowed if currently licensed in another state and currently certified by a specialty board of ABMS, AOABPE, RCPSC, or CFPC. USMLE Step 3 must be passed within 5 years of Step 2 or before the end of residency training. | 1 / 2 | Yes | 3 attempts each step / 7 |
| **Mississippi State Board of Medical** If a graduate from a foreign medical school, applicant must present documentation of having completed either (i) three (3) or more years of ACGME-approved postgraduate training in the United States or training in Canada approved by the Royal College of Physicians and Surgeons or (ii) at least one year of ACGME-approved postgraduate training in the United States or training in Canada approved by the Royal College of Physicians and Surgeons, be currently Board certified by a Specialty Board recognized by the American Board of Medical Specialties or the American Osteopathic Association and will be based upon approval by the Mississippi State Board of Medical Licensure. | 1 / 3 | Yes | 3 / 7 |
| **Missouri State Board of Registration for the Healing Arts** If you have more that 3 attempts for step 3 of the USMLE, Missouri will consider a waiver of their attempt rule if you have a Phd. or a medical license in another state. Please call the board for further clarification 573-751-0098. | 1 / 3 | No | 3 / 7 exception for MD/PhD |
| **Montana Board of Medical Examiners** USMLE Step III must be taken within seven years of the applicant's first examinations under (1) (c) unless the applicant is or has been a student in a recognized M.D./Ph.D. program in a field of biological sciences tested in the Step I content. Applicants seeking an exception to the seven-year rule shall present a verifiable and rational explanation for being unable to meet the seven-year limit. | 2 / 3 1 / 1 if ABMS | No SPEX required if inactive 2 yrs. | 3 / 7 exception for MD/PhD |
| **Nebraska Board of Medicine and Surgery** | 1 / 3 | No | 4 attempts per step/ 10 |
| **Nevada State Board of Medical Examiners** | 3 / 3 | Yes | 9 attempts combined all steps / 7 |
| **Nevada State Board of Osteopathic Medicine** | 1 / N/A | | N / A |
| **New Hampshire Board of Medicine** Applicants shall pass each examination section within 3 attempts. Failure to pass that section after 3 attempts shall invalidate the entire examination. | 2 / 2 | No | 3 attempts per step/ none |
| **New Jersey State Board of Medical Examiners** Graduates of L.C.M.E./A.O.A. approved medical schools and graduates of foreign medical schools who graduated prior to July 1, 1985, must | 1yr if < 7/85 IMGs - 3 yrs if between 7/85 and 7/93 | No | 5 / 7 waiver |

State Medical Board License Requirements - Medical License Direct

| | | | |
|---|---|---|---|
| successfully complete at least one year of A.C.G.M.E. or A.O.A. approved postgraduate training.<br><br>Graduates of foreign medical schools who graduated after July 1, 1985 and prior to July 1, 2003, must successfully complete a minimum of three (3) years of A.C.G.M.E. or A.O.A. approved postgraduate training.<br><br>All applicants who graduated from medical school after July 1, 2003, must successfully complete a minimum of two (2) years of postgraduate training in an A.C.G.M.E. or A.O.A. accredited program and have a signed contract for a third year of training in an accredited program where at least two years of that training are in the same field or would, when considered together, be credited toward the criteria for certification by a single specialty board. | 7/03<br><br>2 yrs + contract for 3rd yr or 3 yrs for AMG and IMG if > 7/03 | | |
| New Mexico State Board of Medical Examiners | 2 / 2 | No | 6 per step / 7 or 10 if MD/PhD |
| New Mexico Board of Osteopathic Medical Examiners | 2 / N/A | | N / A |
| New York State Board for Medicine | 1 / 3 | No | none / none |
| North Carolina Medical Board<br>The Board shall not issue a license to practice medicine to any applicant who has failed to receive a passing score of any Step, or component thereof, of the USMLE within three (3) attempts. However, the Board shall waive this requirement if the applicant has been certified or recertified by an ABMS, CCFP, FRCP, FRCS or AOA approved specialty board within the past 10 years. | 1 / 3 | Yes<br>Exception = accepts 60 hours of Category 1 CME over the past three years in lieu of 10 year testing requirement | 3 / none |
| North Dakota State Board of Medical Examiners | 1 / 3 | No | 3/7 |
| State Medical Board of Ohio<br>USMLE Steps 1, 2, and 3. All three Steps must have been passed within a ten year period and the performance achieved on each Step must have been recognized by the USMLE program as a recommended passing performance. No Step may have been failed more than three times. If an applicant has failed any Step more than three times, the applicant must complete an additional year of graduate medical education as defined in section 4731.091 of the Revised Code in addition to the graduate medical education required by section 4731.14 and must be completed subsequent to the final Step that has been failed more than three times. Following the completion of the additional training, the entire examination sequence must be retaken and successfully completed. An applicant who has not failed any Step more than three times but who did not complete the sequence within the ten year period must either retake the appropriate Steps to bring the testing sequence within the ten-year time period or demonstrate good cause, as determined by the Board, for not having completed the sequence within the ten-year time period. | 1 / 2 | No | 3/10 waiver |
| Oklahoma Board of Medical Licensure and Supervision<br>All steps of the licensure examination must be passed within ten (10) years. Any applicant who fails any part of a licensing examination three times is not eligible for a license. A score of incomplete is considered a failing score. If a combination of NBME, FLEX and/or USMLE is utilized, any applicant who has failed more than six (6) examinations is not eligible for a license. If an applicant has achieved certification by an American Board of Medical Specialties (ABMS) Board, the Board may grant an exception. | 1 / 2 | No | see side notes |
| Oklahoma State Board of Osteopathic Examiners | 1 / N/A | | N / A |
| Oregon Board of Medical Examiners<br>* USMLE Steps 1 and 2 - there is currently no limit to the number of attempts.<br>* USMLE Step 3 must be passed within four attempts.<br>Any applicant who fails a third attempt on Step 3 must do one of the following:<br>* Successfully complete one full year of Board approved training prior | 1 / 3 | Yes<br>if worked last 3 years and did 150 CMEs in any increment can send letter w/ app requesting waiver | 4 / 7 waiver |

| | | on SPEX and include proof of CMES | |
|---|---|---|---|
| to making a fourth attempt<br>* Obtain current certification by a specialty board recognized by the American Board of Medical Specialties or the American Osteopathic Association's Bureau of Osteopathic Specialists | | | |
| Pennsylvania State Board of Medicine | 2 / 3 | No | 3 / 7<br>waiver |
| Pennsylvania State Board of Osteopathic Medicine | 1 / N/A | | |
| Board of Medical Examiners of Puerto Rico<br>(787) 782-8937 / Fax:(787) 706-0304 | 1 / 3 | No | none / 7 |
| Rhode Island Board of Medical Licensure and Discipline<br>Generally the board has a 3 attempt per step and 7 year limit; however, they ask you to send a letter to the Board describing the situation, including scores. This request is presented to the Licensing Committee which formally makes the decision to grant or deny the request. | 2 / 3 | No | 3/ 7<br>waiver is possible |
| South Carolina Board of Medical Examiners | 1 / 3 | Yes | 4 attempts per step / 7 |
| South Dakota Board of Medical and Osteopathic Examiners An applicant who has failed to successfully complete and pass any one of the three steps of the USMLE in three attempts is required to be ABMS certified. | 3 / 3 | No | 3 attempts per step / 7 |
| Tennessee Board of Medical Examiners | 1 / 3 | No | 3 / 7<br>or 10 if MD/PhD |
| Tennessee Board of Osteopathic Examiners | 2 / N/A | | N / A |
| Texas State Board of Medical Examiners | 1 / 3 | Yes | 3 attempts per step / 7<br>or 10 if MD/PhD waiver |
| Utah Department of Commerce<br>Physicians Licensing Board | 2 / 2 | No | 3 / 7<br>or 10 if MD/PhD |
| Utah Department of Commerce<br>Board of Osteopathic Medicine | 2 / 2 | | N / A |
| Vermont Board of Medical Practice | 1 / 3 | No | 3 / 7 |
| Vermont Board of Osteopathic Physicians and Surgeons | 1 / 3 | | N / A |
| Virginia Board of Medicine | 1 / 2 | No | none / 10<br>waiver |
| Virgin Islands Board of Medical Examiners<br>(340) 774-0117/ Fax:(340) 777-4001 Requirements | 1 / 3 | No | none / 7<br>SPEX is required |
| Washington Medical Quality Assurance Commission | 2 / 2<br>1 / 1 if < 7/1985 | No | 3 / 7<br>or 10 if MD/PhD waiver |
| Washington State Board of Osteopathic Medicine and Surgery | 1 / N/A | | N / A |
| West Virginia Board of Medicine An applicant who has failed to successfully complete and pass any one of the three steps of the USMLE in three attempts is required to appear before the Board for a determination by the Board, in its discretion, as to what, if any, further education, evaluation and training is required for further consideration of licensure. 02/13 | 1 / 3 or 1 if ABMS | No | 3 attempts per step / 10 |
| West Virginia Board of Osteopathy | 1 / N/A | | N / A |
| Wisconsin Medical Examining Board  Applicants who have completed a standard M.D. training program shall complete all 3 steps of the examination sequence within 10 years from the date upon which the applicant first passes a step, either step 1 or step 2. Applicants who have completed a combined M.D. and Ph.D. medical scientist training program shall complete all 3 steps of the examination sequence within 12 years from the date upon which the applicant first passes a step, either step 1 or step 2. Applicants who have passed a step may | 1 / 1 | No | 3 attempts per step / 10 |

| | | | |
|---|---|---|---|
| step, either step 1 or step 2. Applicants who have passed a step may not repeat the step unless required to do so in order to comply with the 10–year or 12–year time limit. If the applicant fails to achieve a passing grade on any step, the applicant may apply for and be reexamined on only the step failed according to the reexamination provisions of s. Med 1.08 (1). | | | |
| Wyoming Board of Medicine | 1 / 1 | No | 7 total attempts in 7 years |

**ADVISORY - State medical board requirements are subject to interpretation and change without notice. We do our best to keep this information current. Please let us know if you find information to the contrary.**

**NOTES:**

**For U.S. and Canadian medical school graduates the LMCC exam is accepted by all US medical boards except those exceptions listed below:**

- Florida requires that the SPEX exam be taken in addition to being licensed in the U.S. or Canada for at least 10 years.
- Illinois accepts the LMCC if received after 4/1970, otherwise board certification, SPEX or USMLE 3 is required.
- Iowa requires the LMCC be endorsed by a provincial licensing board.
- Missouri requires graduation from a Canadian medical school.
- New Jersey requires that physicians be licensed in another U.S. state and be board certified.
- Pennsylvania accepts the LMCC if received after 5/1970. English version
- Puerto Rico accepts the LMCC if you hold another U.S. medical license.
- Washington accepts the LMCC if received after 1969.
- Wisconsin accepts the LMCC if received after 1/1/78.
- Kansas, Louisiana, Guam and Virgin Islands do not accept the LMCC.
- If you are an international medical school graduate, you must be ECFMG certified and have completed all steps of the USMLE.

**ECFMG** - Educational Council for Foreign Medical Graduates. This certification is required for all international medical graduates.

**ABMS** - American Board of Medical Specialties.

**IMG** - International medical graduate. A doctor that graduated from a medical school outside of the US and Canada.

**AMG** - American medical graduate. A doctor that graduated from an American medical school.

## About State Medical Boards

### Purpose

Medicine is a regulated profession because of the potential harm to the public if an incompetent or impaired physician is licensed to practice. To protect the public from the unprofessional, improper, unlawful, fraudulent and/or incompetent practice of medicine, each of the 50 states, the District of Columbia, and the U.S. territories has a medical practice act that defines the practice of medicine and delegates the authority to enforce the law to a state medical board.

State medical boards license physicians, investigate complaints, discipline those who violate the law, conduct physician evaluations and facilitate rehabilitation of physicians where appropriate. By

following up on complaints, medical boards give the public a way to enforce basic standards of competence and ethical behavior in their physicians, and physicians a way to protect the integrity of their profession. State medical boards also adopt policies and guidelines related to the practice of medicine. There are currently 70 state medical boards authorized to regulate allopathic and osteopathic physicians.

## AUTHORITY and STRUCTURE

The 10th Amendment of the United States Constitution authorizes states to establish laws and regulations protecting the health, safety, and general welfare of their citizens.  In response to the 10th Amendment, each state legislature enacted a Medical Practice Act that defines the proper practice of medicine and responsibility of the medical board to regulate that practice.

The structure and authority of medical boards vary from state to state. Some boards are independent and maintain all licensing and disciplinary powers, while others are part of a larger umbrella agency, such as a state department of health. State medical boards are typically made up of volunteer physicians and members of the public who are, in most cases, appointed by the governor and paid a nominal stipend for their service. The majority of state boards employ an administrative staff including an executive officer, attorneys, investigators and licensing staff. The state legislature determines the financial resources of most boards. Some boards are funded directly from physician licensing and registration fees.

## Protecting the Public: How State Medical Boards Regulate and Discipline Physicians

Each state charges its medical board with protecting the public from the unprofessional, improper, unlawful or incompetent practice of medicine. Boards carry out this mission based on the legal authority defined in their state's Medical Practice Act and their financial resources, which are determined by the state legislature.

### Licensing

Obtaining a license to practice medicine in the U.S. is a rigorous process. State medical boards ensure that those entering the profession have met predetermined qualifications that include medical school graduation, postgraduate training, and passage of the United States Medical Licensing Examination (USMLE), comprising a rigorous three-part written exam and an exam that tests clinical and communications skills. Applicants must also provide details about their work history, any arrests and convictions, and reveal information regarding past medical history that may affect their ability to practice. Only those who meet a state's predetermined qualifications are granted permission to practice medicine in that state.

After physicians are licensed, they must re-register periodically to continue their active status. During this re-registration process, physicians must demonstrate that they have maintained acceptable standards of professional conduct and medical practice. In a majority of states, physicians must also show that they have participated in a program of continuing medical education.

### Investigatory and Disciplinary Powers

Medical boards also monitor licensed physicians' competence and professional conduct. They review and investigate complaints and/or reports received from patients, health professionals, government agencies, health care organizations and other state medical boards about physicians who may be incompetent or acting unprofessionally, and take appropriate action against a physician's license if the person is found to have violated the law. State laws require that boards assure fairness and due process to any physician under investigation.

While medical boards sometimes find it necessary to suspend or revoke licenses, regulators have found many problems can be resolved with additional education or training in appropriate areas. In other instances, it may be more appropriate to place physicians on probation or place restrictions

on a physician's license to practice. This compromise protects the public while maintaining a valuable community resource in the physician. Probation and restrictions of a medical license can also be in place while a physician receives further training or rehabilitation.

**If a board determines a violation has occurred, common actions include:**

- Reprimand or Censure -- physician receives a public admonishment;
- Administrative Fine/Monetary Penalty -- physician must pay a civil penalty fee imposed by the board;
- Restitution -- physician must reimburse a patient or entity for monies improperly earned;
- Probation -- physician's license is monitored for a period of time;
- Limitation or Restriction -- physician's license is restricted in some way (e.g. a physician is prohibited from performing specific procedures or prescribing certain drugs);
- Suspension -- physician may not practice for a period of time;
- Summary Suspension -- physician's license is suspended immediately, with evidence that their medical practice presents a threat to public health and safety;
- Voluntary Surrender of License -- physician surrenders license to avoid further disciplinary action;
- Denial -- physician isn't granted a license to practice or license isn't renewed;
- Revocation -- physician's license is terminated; physician can no longer practice medicine.

**The articles above are from the FSMB**

The Federation of State Medical Boards (FSMB) is a national non-profit organization representing the 70 medical boards of the United States and its territories. Based in Dallas, the FSMB serves as the national voice for its member boards and is a recognized authority throughout the United States on issues related to medical licensure and discipline. Their mission is: To continuously improve the quality, safety and integrity of health care through developing and promoting high standards for physician licensure and practice.

# Exhibit #13

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Mathew Thomas, Jr.,

Plaintiff

Civil Action No. 13-3946

V,

ECFMG, Educational Commission for Foreign Medical Graduates,
NBME-National Board of Medical Examiners, and United Stated Medical Licensing
Examination,

Defendants.

Plaintiff, Mathew Thomas, Jr, Pro Se, for it's **Notice of Deposition,** pursuant Federal
Rule of Civil Procedure 30, will take the deposition upon oral examination of:
- o Dr. Gerry Dillon
- o Bill Kelly
- o Janet Carson
- o Dr. Steven Haist

On **January 17, 2014** at 10:00am.  The deposition will take place at the Law office
Of Morgan, Lewis & Bockius, 1701 Market Street, Philadelphia, Pa., 19103.  The
deposition will take place before a notary public or an officer  that is authorized to
administer oaths by law.

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff, Mathew Thomas request
that all defendants provide by the date of the deposition the following things:

1. Statistic and methodology used to determine the indeterminate score of the
   Step 2 exam taken on December 31, 2007.
2. Names and addresses of the individuals of those on the Composite
   Committee
3. Names and address of the individuals of those on the Committee on Score
   Validity
4. Role and titles for each individual on the Composite Committee
5. Role and titles for each individual on the Committee on Score Validity
6. Name and address of the individual or individuals that conducted the
   statistical analysis for the validity of the Step 2 exam
7. Program used for the analysis of the score of the Step 2 exam, as well as how
   the Program formulated the information.
8. Information used in the program to formulate the outcome.

9.  Any information submitted in discovery for any lawsuits pertaining to Optima University

10. List of questions that were assumed to have been previewed on the Step 2 exam

11. Plaintiff's validation exam breakdown of the final score

12. Any e-mails or correspondence dated before July 27, 2009, specific to the analysis done on the Plaintiff's exam.

13. Any information that was received by the FBI and/or law enforcement in the Optima University investigation, including and not limited to Optima's servers.

14. List of students that scores were placed under review to determine validity.

15. General analysis of the each student scores that were reviewed to determine validity.

16. The "information that is available" from the office of the USMLE Secretariat, as stated in the July 27, 2009 correspondence from Federation of State Medical Board of the United States.

17. Copy of Plaintiff's "Agenda Book" as mentioned on page 7 of the December 16, 2009 hearing transcript.

Date: January 9, 2014

> Respectively submitted,
> Mathew Thomas, Jr. Pro Se
> 31 Roosevelt Avenue
> Staten Island, New York 10304
> 917-856-0368
> Dr.Mathew.ThomasJr@gmail.com

To:

Brian W. Schaffer, Esq. & Elisa P. McEnroe, Esq.
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, Pennsylvania 19103
Defendant Attorney for ECFMG

Neil J. Hamburg, Esq. & Maureen P. Holland, Esq.
Hamburg and Golden
1601 Market Street
Philadelphia, Pennsylvania 19103
Defendant Attorney for NBME

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF PENNSYLVANIA

Mathew Thomas, Jr.,                                    )
                        *Plaintiff*                     )
                        v.                              )       Civil Action No. 13-3946
ECFMG, Educational Commission for Foreign Medical      )
Graduates,                                             )
NBME-National Board of Medical Examiners, and          )
United Stated Medical Licensing                        )
Examination,                                           )

                        *Defendant*

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Neil J. Hamburg, Esq. & Maureen P. Holland, Esq.
Hamburg and Golden
1601 Market Street
Philadelphia, Pennsylvania 19103
Defendant Attorney for NBME

***See attatched Production List that set forth the documents commanded

To: _____
                    *(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|--------|----------------|
| 31 Roosevelt Avenue, Staten Island, NY 10314 | March 27, 2014 |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|--------|----------------|
|        |                |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

            *CLERK OF COURT*
                                                    OR          *Signature*  (Pro-Se)

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* __Maureen P. Holland, Esq__

on *(date)* __3/21/14__

[X] I served the subpoena by delivering a copy to the named person as follows: _____

__Ms. Hirokawa accepted the Subpoena.__

_____ on *(date)* __3/21/14__ ; or

[ ] I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: __3/21/14__

_____
*Server's signature*

__David Zimmerman, Process server__
*Printed name and title*
METRO FILING SERVICES, INC.
317 SOUTH 13th STREET
PHILADELPHIA, PA 19107

_____
*Server's address*

Additional information regarding attempted service, etc.:

American LegalNet, Inc.

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

### (c) Place of Compliance.

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (g) Contempt.

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

American LegalNet, Inc.

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

_Signature of Clerk or Deputy Clerk_                          _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Pro - Se.
    Mathew Thomas, JR,                          , who issues or requests this subpoena, are:

Pro Se, 31 Roosevelt Avenue, Staten Island, NY . Dr. Mathew. Thomas@gmail . com
                                                                                 917 - 856 - 0368

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom
it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.

Production List

1) The percentage of the Optima University question bank, which was compared to the USMLE live pool bank, that was not found as a match, as stated by Dr. Steven Haist at his deposition on January 17, 2014.

Case 2:13-cv-03946-CMR   Document 30-4   Filed 06/02/14   Page 22 of 37

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

### (c) Place of Compliance.

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (g) Contempt.

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

American LegalNet, Inc.

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Mathew Thomas, Jr., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 13-3946 |
| ECFMG, Educational Commission for Foreign Medical | ) | |
| Graduates, | ) | |
| NBME-National Board of Medical Examiners, and | ) | |
| United Stated Medical Licensing | ) | |
| Examination, | | |

*Defendant*

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Brian W. Schaffer, Esq. & Elisa P. McEnroe, Esq.
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, Pennsylvania 19103
Defendant Attorney for ECFMG

***See attatched Production List that set forth the documents commanded

To: _____
*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| 31 Roosevelt Avenue, Staten Island, NY 10314 | March 27, 2014 |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

e: _____

*CLERK OF COURT*

_____           OR           _____  (Pro-Se)

American LegalNet, Inc.

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*   Brian W. Schaffer, Esq.

on *(date)*   3/21/14

☒ I served the subpoena by delivering a copy to the named person as follows: _____

Thomas Gorman accepted the Subpoena.

_____ on *(date)*  3/21/14            ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date:   3/21/14

_____
*Server's signature*

Brian Daly, Process server

_____
*Printed name and title*
METRO FILING SERVICES, INC.
317 SOUTH 13th STREET
PHILADELPHIA, PA 19107

_____
*Server's address*

Additional information regarding attempted service, etc.:

American LegalNet, Inc.

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
(A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

|                                         |                        |
|-----------------------------------------|------------------------|
| *Signature of Clerk or Deputy Clerk*    | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Pro - Se
Mathew Thomas, Jr. , who issues or requests this subpoena, are: Pro se

31 Roosevelt Ave, Staten Island, Ny , Dr. Mathew. Thomas Jr.@gma.l.com
917-856-0368

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.

Documents to Produce:

1. Statistic and methodology used to determine the indeterminate score of the Step 2 exam taken on December 31, 2007
2. Program used for the analysis of the score of the Step 2 exam, as well as how the Program formulated the information.
3. Information used in the program to formulate the outcome.
4. Any information submitted in discovery for any lawsuits pertaining to Optima University
5. List of questions that were assumed to have been previewed on the Step 2 exam
6. Plaintiff's validation exam breakdown of the final score
7. Any e-mails or correspondence dated before July 27, 2009, specific to the analysis done on the Plaintiff's exam.
8. Any information that was received by the FBI and/or law enforcement in the Optima University investigation, including and not limited to Optima's servers.
9. Materials viewed, collected and used to conduct the internal investigation regarding this matter
10. Exact dates of when internal investigation was conducted
11. List of students that scores were placed under review to determine validity.
12. General analysis of the each student scores that were reviewed to determine validity.
13. The "information that is available" from the office of the USMLE Secretariat, as stated in the July 27, 2009 correspondence from Federation of State Medical Board of the United States.

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Mathew Thomas, Jr., _____ ) | |
| *Plaintiff* ) | Civil Action No. 13-3946 |
| v. ) | |
| ECFMG, Educational Commission for Foreign Medical ) | |
| Graduates, ) | |
| NBME-National Board of Medical Examiners, and ) | |
| United Stated Medical Licensing ) | |
| Examination, | |
| _____ | |
| *Defendant* | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Neil J. Hamburg, Esq.  & Maureen P. Holland, Esq.
Hamburg and Golden
1601 Market Street
Philadelphia, Pennsylvania 19103
Defendant  Attorney for NBME


\*\*\*See attatched Production  List that set forth the documents commanded
To: _____

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| 31 Roosevelt Avenue, Staten Island, NY 10314 | March 27, 2014 |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

_____  OR  _____  (Pro-Se)

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Neil J. Hamburg, Esq.

on *(date)*    3/21/14

☒ I served the subpoena by delivering a copy to the named person as follows: _____

Ms. Hirokawa accepted the Subpoena.

_____ on *(date)* 3/21/14 ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: 3/21/14

_____
*Server's signature*

David Zimmerman, Process server

*Printed name and title*
METRO FILING SERVICES, INC.
317 SOUTH 13th STREET
PHILADELPHIA, PA 19107

_____
*Server's address*

Additional information regarding attempted service, etc.:

American LegalNet, Inc.
www.FormsWorkFlow.com 

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

_____
        *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* ___Pro-Se___

___Mathew Thomas Jr.___, who issues or requests this subpoena, are:

___Pro Se    31 Roosevelt Avenue, Staten Island, NY   Dr. mathew.thomas.Jr.gma.l.co___
___917·856-0368___

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.

Production List

1) The percentage of the Optima University question bank, which was compared to the USMLE live pool bank, that was not found as a match, as stated by Dr. Steven Haist at his deposition on January 17, 2014.

A⁰ ＼ ＿ (Rev./12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF PENNSYLVANIA

Mathew Thomas, Jr.,                              )
                   *Plaintiff*                    )
                       v.                         )         Civil Action No. 13-3946
ECFMG, Educational Commission for Foreign Medical )
Graduates,                                        )
NBME-National Board of Medical Examiners, and     )
United Stated Medical Licensing                   )
Examination,                                      

─────────────────────────────────
                   *Defendant*

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Brian W. Schaffer, Esq. & Elisa P. McEnroe, Esq.
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, Pennsylvania 19103
Defendant Attorney for ECFMG

***See attatched Production  List that set forth the documents commanded

To: _____
                    *(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place:                                        | Date and Time:    |
|-----------------------------------------------|-------------------|
| 31 Roosevelt Avenue, Staten Island, NY 10314  | March 27, 2014    |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place:  | Date and Time:  |
|---------|-----------------|
|         |                 |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

*Michael E. Kunz*          OR          *Matt*          (Pro-Se)

American LegalNet, Inc.

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*  <u>Elisa P. McEnroe, Esq.</u>
on *(date)*  <u>3/21/14</u>

[X] I served the subpoena by delivering a copy to the named person as follows: _____

<u>Thomas Gorman accepted the Subpoena.</u>

_____ on *(date)* <u>3/21/14</u> ; or

[ ] I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ <u>0.00</u>

I declare under penalty of perjury that this information is true.

Date: <u>3/21/14</u>          _____
                                          *Server's signature*

                         Brian Daly, Process server
                         METRO FILING SERVICES, INC.
                         317 SOUTH 13th STREET
                         PHILADELPHIA, PA 19107
                         _____
                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

|                                           |                          |
|-------------------------------------------|--------------------------|
| *Signature of Clerk or Deputy Clerk*      | *Attorney's signature*   |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Pro-Se
Mathew Thomas, JR.                                                , who issues or requests this subpoena, are: Pro Se

31 Roosevelt Avenue, Staten Island, NY, Dr.mathew.thomas.Jr.@gmail.com.
917-856-0368

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom
it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.

Documents to Produce:

1. Statistic and methodology used to determine the indeterminate score of the Step 2 exam taken on December 31, 2007
2. Program used for the analysis of the score of the Step 2 exam, as well as how the Program formulated the information.
3. Information used in the program to formulate the outcome.
4. Any information submitted in discovery for any lawsuits pertaining to Optima University
5. List of questions that were assumed to have been previewed on the Step 2 exam
6. Plaintiff's validation exam breakdown of the final score
7. Any e-mails or correspondence dated before July 27, 2009, specific to the analysis done on the Plaintiff's exam.
8. Any information that was received by the FBI and/or law enforcement in the Optima University investigation, including and not limited to Optima's servers.
9. Materials viewed, collected and used to conduct the internal investigation regarding this matter
10. Exact dates of when internal investigation was conducted
11. List of students that scores were placed under review to determine validity.
12. General analysis of the each student scores that were reviewed to determine validity.
13. The "information that is available" from the office of the USMLE Secretariat, as stated in the July 27, 2009 correspondence from Federation of State Medical Board of the United States.

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).