**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATHEW THOMAS, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 2:13-CV-03946-CMR |
| | : | |
| NATIONAL BOARD OF MEDICAL EXAMINERS, et al. | : | |

## JOINT STATEMENT OF STIPULATED MATERIAL FACTS

1.     Plaintiff Mathew Thomas, Jr. ("Thomas") is a United States citizen from Staten Island, New York.

2.     Thomas went to medical school at Ross University School of Medicine in Dominica from September 1999 to August 2000.  Thomas went to medical school at St. Matthew's University School of Medicine in the Cayman Islands from September 2000 to December 2001.  Thomas has a medical degree from St. Christopher Iba Mar Diop College of Medicine in Senegal, where he attended from February 2002 until he graduated in June 2003.

3.     Thomas is an international medical graduate ("IMG"), meaning that he graduated from a medical school outside of the United States or Canada.

4.     Defendant the National Board of Medical Examiners ("NBME") is a non-profit organization based in Philadelphia, Pennsylvania whose purpose is to protect the health of the public through state of the art assessment of physicians and other health professionals.

5.     Defendant the Educational Commission for Foreign Medical Graduates ("ECFMG") is a non-profit organization based in Philadelphia, Pennsylvania that promotes quality health care for the public by, among other things, certifying IMGs for entry into graduate medical education in the United States.

6.     Along with the Federation of State Medical Boards ("FSMB"), the NBME

- 2 -

sponsors the United States Medical Licensing Examination ("USMLE"), the standardized examination used to evaluate applicants for medical licensure in the United States.

7.     The USMLE is designed to assess a physician's ability to apply knowledge, concepts, and principles, as well as demonstrate fundamental patient-centered skills, that are required for providing safe and effective patient care.

8.     State medical boards, which are the entities that grant licenses to practice medicine, require applicants to pass all of the USMLE component exams, consisting of three "Steps."

9.     An IMG interested in taking the USMLE exams registers for the USMLE exams through the ECFMG.

10.     USMLE Step 1 assesses an examinee's understanding and application of scientific concepts that are basic to the practice of medicine.

11.     USMLE Step 2 Clinical Knowledge ("Step 2 CK") tests an examinee's ability to apply the knowledge, skills, and understanding of clinical science essential to providing patient care under supervision.

12.     USMLE Step 2 Clinical Skills ("Step 2 CS") measures an examinee's clinical skills through an examinee's interaction with and evaluation of standardized patients.

13.     USMLE Step 3 assesses an examinee's ability to apply medical knowledge and clinical science necessary for the unsupervised practice of medicine.

14.     USMLE Step 1, Step 2 CK, and Step 3 are administered by computer.

15.     All USMLE test content is copyrighted, and all examinees are informed of the copyrighted and confidential nature of USMLE test material when they register for the test. Examinees are reminded at the outset of the exam that they are prohibited from disclosing exam content.

- 3 -

16.     In May 2008, the Federal Bureau of Investigation raided a facility in New Jersey operated by a test prep company called Optima University ("Optima") in connection with a federal criminal investigation of Optima for possessing and distributing copyrighted USMLE test material.

17.     On February 23, 2009, the NBME and FSMB filed a lawsuit against Optima alleging that Optima's unauthorized use of copyrighted test questions was copyright infringement.  In that case, National Board of Medical Examiners, et al. v. Optima University LLC, et al., 2011 WL 7615071, (W.D. Tenn. 2011), the plaintiffs alleged that Optima associates stole and disseminated actual USMLE test questions by photographing and videotaping computer screens during exam administrations and by memorizing and reproducing test content. The court found in favor of the NBME and FSMB and ordered Optima to pay maximum statutory damages of $2,400,000 plus attorney's fees and costs.

18.     Thomas had attended Optima as a student to prepare for the Step 2 CK exam Thomas took on December 31, 2007.

19.     Thomas was an Optima employee from February 2008 through August 2008.

20.     When the FBI raided Optima's headquarters in May 2008, FBI agents questioned Thomas for approximately two to three hours.

21.     The NBME referred the USMLE scores of known or suspected Optima students, including Thomas, to the USMLE Committee on Score Validity ("CSV").  Both the NBME and the ECFMG have representatives on the CSV.

22.     The CSV reviewed performance data from Thomas's December 31, 2007 Step 2 CK administration, which was originally scored as passing.

23.     The USMLE Secretariat invited Thomas to submit a written statement and to make an in-person appearance before the CSV.  Thomas submitted a written statement; he

- 4 -

testified in person at the CSV meeting on December 16, 2009.

24.     After reviewing all of the materials and after hearing Thomas' testimony, the CSV could not certify that Thomas's December 31, 2007 Step 2CK score was a valid measure of his ability.

25.     Thomas appealed the decision of the CSV to the USMLE Composite Committee. The Composite Committee denied Thomas's appeal and upheld the decision of the CSV.

26.     The CSV offered Thomas the opportunity to take a free exam on condition that, if he passed, his score on the December 31, 2007 Step 2 CK examination would be deemed valid.

27.     Thomas delayed taking the validating exam for personal reasons.  He eventually took the exam on September 3, 2011 and failed.

28.     Thomas argued that his validating exam was not comparable to his original exam. The NBME conducted an analysis and concluded that the validating exam was comparable to Thomas's original exam.  Thomas disputed the defendants' analysis and conclusion.

29.     Thomas took USMLE Step exams as outlined in the following table:

| DATE | EXAM TAKEN | RESULT |
|------|------------|--------|
| 05/31/2002 | USMLE Step 1 | 119/50 – Fail |
| 03/31/2003 | USMLE Step 1 | 128/54 – Fail |
| 10/15/2003 | USMLE Step 1 | 152/63 – Fail |
| 02/19/2004 | USMLE Step 2 CK | 125/52 – Fail |
| 06/30/2004 | USMLE Step 1 | 153/63 – Fail |
| 12/08/2004 | USMLE Step 1 | 169/69 – Fail |
| 01/12/2005 | USMLE Step 2 CS | Pass |
| 05/28/2005 | USMLE Step 2 CK | 161/66 – Fail |
| 10/31/2005 | USMLE Step 1 | 179/73 – Fail |

– 5 –

| 02/14/2006 | USMLE Step 1 | 184/75 – Pass |
| 10/25/2006 | USMLE Step 2 CK | 172/71 – Fail |
| 02/14/2007 | USMLE Step 2 CK | 174/71 – Fail |
| 07/27/2007 | USMLE Step 2 CK | 182/74 – Fail |
| 12/31/2007 | USMLE Step 2 CK | 206/85 – Pass (indeterminate) |
| 09/03/2011 | Validating Exam | Fail |

30.    In August of 2011, the USMLE Program announced that it was instituting a rule that limited examinees to six unsuccessful attempts to pass any Step or Step component of the exam (the "six attempt limit"). For examinees like Thomas, who had previously tested, the rule went into effect on January 1, 2013. Prior to January 1, 2013, examinees like Thomas could register to take the exam even if they had six or more prior failures.

31.    Thomas registered to take Step 2 CK on December 27, 2012, which allowed him three months (until March 2013) in which to test. He later requested and received a three month extension of his testing window, which would have allowed him to pick a date to take Step 2 CK again until June 2013. For reasons known only to Thomas, he elected not to take advantage of this final opportunity to take Step 2 CK and forfeited his registration. Under the six attempt limit, he is ineligible to take Step 2 CK again.

32.    In order for an IMG to obtain ECFMG certification, he or she must pass Step 1, Step 2 CS and Step 2 CK within a seven year period. This is known as the ECFMG seven year rule. One of the purposes of the ECFMG seven year rule is to ensure that the scientific and medical knowledge of IMGs obtaining ECFMG certification is current.

33.    Under the ECFMG seven year rule, Thomas's passing score on Step 2 CS expired on January 12, 2012, and Thomas's passing score on Step 1 expired on February 14, 2013.

- 6 -

34.     Before Thomas's connection to Optima became known to the NBME, Thomas had been ECFMG certified from January 24, 2008 through March 4, 2010.

35.     On July 27, 2009, Dr. Thomas received a letter stating that his USMLE Step 3 registration had been cancelled because information was available that suggested that he was involved with Optima University.  Subsequently, Dr. Thomas's access to certain online services was restricted.

36.     During the time Thomas was ECFMG certified, he did not obtain a residency position.

37.     After his Step 2 CK exam score was deemed indeterminate because he failed to validate the passing outcome, Thomas asked the ECFMG for an exception to its seven year rule.

38.     ECFMG's Medical Education Credentials Committee considered Thomas' request for an exception to the ECFMG seven year rule at its April 17, 2013 meeting.

39.     ECFMG's Medical Education Credentials Committee denied Thomas' request for an exception to the ECFMG seven year rule.

Neil J. Hamburg, Esquire
Maureen P. Holland, Esquire
Hamburg & Golden, P.C.

Attorneys for the NBME

Dated: May 9, 2014

_____
Mathew Thomas, Jr.

*Pro Se*

Dated: 05/09/14

Brian W. Shaffer, Esquire
Elisa P. McEnroe, Esquire
Morgan Lewis & Bockius LLP

Attorneys for the ECFMG

Dated: May 9, 2014