# EXHIBIT 15



Secretariat:
3750 Market Street
Philadelphia, PA 19104
(215) 590-9600
Fax: (215) 590-9470
www.usmle.org

**Via Email and U.S. Mail**
**Confidential**

August 25, 2010

Mathew Thomas, Jr.          USMLE ID#: 0-633-396-7
PO Box 14-0415
Staten Island, NY 10314-0415

Dear Dr. Thomas:

This letter confirms the notification previously provided to you by Susan Deitch regarding the outcome of the USMLE Composite Committee's consideration of your appeal of the decision of the Committee on Score Validity that your December 31, 2007 Step 2 – Clinical Knowledge (CK) scores are indeterminate.

The information provided to the members of the Composite Committee in advance of its consideration of this matter consisted of the following: (a) your letter received on June 14, 2010; (b) Ms. Deitch's letter to you dated February 17, 2010 and all of the materials referenced in the second paragraph of that letter; and (c) the transcript of the stenographic record made during your personal appearance before the Committee on Score Validity on December 16, 2009.

The Composite Committee carefully considered all of those materials and the information contained therein. Information relevant to the Composite Committee's consideration of your appeal included the following:

- You acknowledged participation in the Optima review program prior to taking the Step 2 CK in December 2007.

- There is evidence that 32% of the scored test items that appeared on the Step 2 CK form taken by you on December 31, 2007 may have been subject to unauthorized reproduction and dissemination through Optima prior to December 2007.

- Your performance on the scored items believed exposed via Optima prior to December 2007 (84% correct) was higher than your performance on those scored items for which there is no evidence of exposure (66% correct). Your difference in performance on those

A Joint Program of the Federation of State Medical Boards of the U.S., Inc. and the National Board of Medical Examiners®


Federation of State Medical Boards of the U.S., Inc.
PO Box 619850
Dallas, TX 75261-9850
(817) 868-4000
Fax: (817) 868-4097
www.fsmb.org


National Board of Medical Examiners
3750 Market Street
Philadelphia, PA 19104
(215) 590-9500
Fax: (215) 590-9555
www.nbme.org

<em>Case 2:13-cv-03946-CMR   Document 32-15   Filed 06/16/14   Page 3 of 6</em>

Mathew Thomas, Jr.
August 25, 2010
Page 2 of 5

    subsets of items was greater than that difference, similarly calculated, for 99% of the examinees in the comparison group (n = 1162).

- You spent less time, on average, on the scored items believed exposed via Optima (59 seconds) than you spent on those scored items for which there is no evidence of exposure (73 seconds). Your difference in timing on those subsets of items was greater than that difference, similarly calculated, for 99% of the examinees in that comparison group.

The Composite Committee took note of the positions advanced by you during your personal appearance before the Committee on Score Validity on December 16, 2009, as well as the arguments presented by you in your correspondence of June 14, 2010. During its deliberations, the Composite Committee considered all of the information available to it in connection with your appeal, including, but not limited to, the following:

- The Policies Regarding Indeterminate Scores provide that: "Statistical procedures will be applied routinely, as well as in response to particular information, to identify scores that may be subsequently classified as indeterminate." In response to evidence that secure USMLE test materials were reproduced and made available to participants in the Optima courses, the performance of individuals identified as participants in Optima courses was the subject of further review.

- As described in Ms. Deitch's letter to you of September 15, 2009, your percent correct on the scored items believed to have been exposed through Optima prior to December 2007 was compared with your percent correct on the scored items about which there is no evidence of exposure. Also, the average amount of time that you spent on the scored items believed to have been exposed was compared with the average amount of time that you spent on the scored items for which there is no evidence of exposure. To facilitate an assessment of how unusual your differences in performance and timing on those two subsets of items were, average performance and timing data on those two subsets of items were calculated for a comparison group of 1162 other examinees who took the same form of Step 2 CK as that taken by you in December 2007. While the calculation of averages may not be regarded as a complex statistical analysis warranting a written report from an expert, the correspondence sent to you advised you of the data sources employed, the procedures applied, and the results of the calculations.

<em>NBME 00122</em>

- You asserted that there are factors, such as relative strengths and weaknesses in certain content areas that might account for your performance and timing differences on the two subsets of items. The performance and timing data of the comparison group do not support a conclusion that the exposed items were easier, shorter, or otherwise susceptible to better or faster performance. A hypothesis that your better and faster performance on the exposed items might be a function of your relative strengths in certain content areas would require presumptions that the exposed items coincidentally contained areas representing your strengths, while those areas were coincidentally less represented in the non-exposed items; and that your strengths are so unique as to not appear in a significant way among 1162 other examinees taking the same form of Step 2 CK.

- You assert that the Committee on Score Validity based its decision on a "mere suspicion" that certain items on your December 2007 Step 2 CK may have been exposed and you make certain presumptions regarding the sources and the availability of information regarding the exposure of test materials. Ms. Deitch's letter of September 15, 2009 references "evidence" of exposure; the complaint filed in federal court by the sponsoring organizations of the USMLE program, alleging copyright infringement by Optima, contains factual contentions for which there is evidentiary support; and your differences in performance and timing on the two subsets of items are consistent with such exposure.

- The USMLE Policies and Procedures Regarding Indeterminate Scores state, "If, on the basis of the information presented to it, the Committee on Score Validity is not convinced that a reasonable and satisfactory explanation for the aberrancy(ies) in performance has been obtained, it will classify the examinee's scores as indeterminate..." The Committee on Score Validity determined that there is not a reasonable and satisfactory explanation for the differentials in your performance and timing on the two subsets of items.

- In your letter of June 14, 2010, you assert that, "The Committee on Score Validity reviewed just 4 factors from my forty-five minute hearing as stated in their letter on February 17, 2010." The fact that Ms. Deitch's letter of February 17, 2010, advising you of the Committee's decision, did not address each and every assertion made by you during your personal appearance does not mean that your assertions were not considered by the Committee. To the contrary, Ms. Deitch's letter references the Committee's "thorough review of the information presented" and its "careful consideration of all of the available information" and, specifically notes that, "In addition to review of the foregoing materials, the

Mathew Thomas, Jr.
August 25, 2010
Page 4 of 5

Committee also carefully considered the information provided by you during your personal appearance."

- You assert that the Committee on Score Validity should have validated your performance on the basis of your performance on the non-exposed subset of scored items. The components of USMLE are designed and developed to provide valid and reliable information about an examinee's knowledge, as sampled by the relevant examination component. Predicting performance on all scored items based upon what would be considered marginally "passing" performance on 68% of such items requires an unsubstantiated presumption that the predicted performance provides a reasonable and appropriate level of confidence with respect to the validity and reliability of the reported results.

- You assert that the scores of two other examinees who had taken Optima and who had differentials in performance and timing similar to yours were not classified as indeterminate. Please note in this regard that your understandings of some of the information available in another case(s) are not necessarily accurate; that you may not be privy to all of the information considered by the Committee on Score Validity in connection with a matter relating to an individual other than yourself; and that the percentage of items needed to be answered correctly in order to achieve a passing level score varies between Step 1 and Step 2 CK, and between various forms of Step 1 and Step CK. Further, while the Committee on Score Validity is mindful of precedent, each case presented to it is individually reviewed: It is the information relevant to your situation that was the focus of the Committee on Score Validity's review and to the review of your appeal.

Upon full consideration of all of the information available, the Composite Committee found that the Committee on Score Validity acted in compliance with applicable USMLE policies and procedures and did not make a decision that was clearly contrary to the weight of the evidence before it. Therefore, the Composite Committee concluded that the determination of the Committee on Score Validity will stand: Your Step 2 CK scores remain classified as indeterminate.

The Step 2 CK validating examination, further discussed in Ms. Deitch's letter to you of February 17, 2010, must be taken within six months of the date of this letter, i.e., on or before February 25, 2011.

Mathew Thomas, Jr.
August 25, 2010
Page 5 of 5

If you have any questions regarding the foregoing information, please do not hesitate to contact me at (215) 590-9877, or Janet Carson, legal counsel for the USMLE program, at (215) 590-9548.

Sincerely,

*Amy Buono*

Amy Buono
Office of the USMLE Secretariat

NBME 00125