# EXHIBIT 24

ECFMG Medical Education Credentials Committee Meeting April 17, 2013 – REQUESTS

ECFMG Medical Education Credentials Committee
April 17, 2013

| NAME AND USMLE/ECFMG ID NO. |
|---|
| Mathew Thomas<br># 0-633-396-7 |
| **MEDICAL SCHOOLS**<br>Ross University School of Medicine, Dominica<br>Attended: September 1999 – August 2000<br><br>St. Matthew's University School of Medicine, Cayman Islands<br>Attended: September 2000 – December 2001<br><br>St. Christopher Iba Mar Diop College of Medicine, Senegal<br>Attended: February 2002 – June 2003<br>Graduated: June 2003 |
| **ECFMG CERTIFICATION STATUS:**<br>ECFMG Certificate issued January 24, 2008<br>ECFMG Certificate rendered invalid March 4, 2010 |
| **REQUEST FOR EXCEPTION:**<br>Dr. Thomas is requesting an exception to the ECFMG policy requirement that applicants must pass those USMLE Steps and Step Components required for ECFMG Certification within a seven-year period. |

Dr. Thomas is requesting an exception to the ECFMG policy requirement that applicants must pass those USMLE Steps and Step Components required for ECFMG Certification within a seven-year period.

**ECFMG POLICY**
The current examinations administered that meet ECFMG Certification requirements are the United States Medical Licensing Examination® (USMLE®) Step 1, Step 2 Clinical Knowledge (CK) and Step 2 Clinical Skills (CS). ECFMG policy requires that applicants pass these exams within a seven-year period. This means that once an applicant passes a Step or Step Component, the applicant will have seven years to pass the other Step(s) or Step Component(s) required for ECFMG Certification. This seven-year period begins on the exam date for the first Step or Step Component passed and ends exactly seven years from that exam date.

> Example: An international medical graduate took his first Step or Step Component on October 1, 2006 and passed. He has through October 1, 2013 to take and pass all other Step(s) and Step Component(s) required for ECFMG Certification. If he does not take and pass all other required Step(s) and Step Component(s) on or before October 1, 2013, his passing performance on the October 1, 2006 exam would no longer be valid for ECFMG Certification.

**BACKGROUND:**
Dr. Thomas was at one time certified by ECFMG, but is no longer certified. He was issued an ECFMG Certificate on January 24, 2008, based on his passing the exams required for ECFMG Certification within the seven year period required by ECFMG policy and meeting the medical education credential requirements. He had passed Step 2 CS on January 12, 2005, Step 1 on January 14, 2006, and Step 2 CK on December 31, 2007.

However, in February 2010, following an investigation and hearing, the USMLE Program rendered Dr. Thomas's score on the December 31, 2007 Step 2 CK "indeterminate." By rendering the score indeterminate, the USMLE program was stating that "it could not certify the validity of [his] passing level results" on that examination. This meant that this score was no longer valid for the purpose of ECFMG

1

ECFMG000627

Certification. Dr. Thomas was required to surrender to ECFMG his ECFMG Certificate. The USMLE program gave Dr. Thomas the opportunity to validate his December 31, 2007 Step 2 CK score by taking and passing a validating exam. Dr. Thomas took the validating exam but did not pass. Therefore, his score on the December 31, 2007 Step 2 CK remained "indeterminate" and not valid for the purpose of ECFMG Certification.

## REQUEST FOR EXCEPTION FROM DR. MATHEW THOMAS

Dr. Thomas has written ECFMG requesting an exception to the requirement that he pass USMLE Step 1, Step 2CK and Step 2 CS within a seven-year period. His March 27, 2003 letter is shown as <u>Attachment 1</u>. The attachments to his letter are shown as <u>Attachments 2A – 2F</u>.

Dr. Thomas has a passing performance on Step 2 CS (passed January 12, 2005), but that exam was voided for the purpose of ECFMG Certification since he did not pass the remaining Steps (Step 1 and Step 2 CK) within seven years of the date, i.e., by January 12, 2012. He also has a passing performance on Step 1 (passed February 14, 2006), but that exam will be voided for the purpose of ECFMG Certification, since he did not pass the other exams required for ECFMG Certification within seven years of that date, i.e., by February 14, 2013.

While Dr. Thomas does not specify the length of the additional time beyond seven years he is requesting, it appears he is asking for an additional two years and three months, the amount of time he says he was prevented from taking USMLE exams due to an investigation by the USMLE program surrounding the validity of his score on the December 21, 2007 Step 2 CK.

ECFMG has acknowledged Dr. Thomas's request. ECFMG has advised him that the review by the ECFMG Medical Education Credentials Committee would be limited only to the request for exception to an ECFMG policy requirement, i.e., the requirement that applicants must pass those USMLE Steps and Step Components required for ECFMG Certification within a seven-year period. ECFMG has further advised Dr. Thomas that he is still subject to the USMLE policy that limits the number of attempts on a USMLE Step or Step Component to six attempts (and that he already has seven Step 1 attempts and six Step 2 CK attempts) and any time limit on completion of all USMLE Steps and Step Components imposed by a U.S. state medical board. A copy of ECFMG's letter is shown as <u>Attachment 3</u>.

## USMLE EXAMINATION HISTORY OF DR. MATHEW THOMAS

| EXAM | DATE | 2-DIGIT SCORE | 3-DIGIT SCORE | RESULT |
|------|------|---------------|---------------|--------|
| Step 1 | May 31, 2002 | 50 | 119 | Fail |
| Step 1 | March 31, 2003 | 54 | 128 | Fail |
| Step 1 | October 15, 2003 | 63 | 152 | Fail |
| Step 2CK | February 19, 2004 | 52 | 125 | Fail |
| Step 1 | June 30, 2004 | 63 | 153 | Fail |
| Step 1 | December 8, 2004 | 69 | 169 | Fail |
| **Step 2CS** | **January 12, 2005** | **No numeric score** | **No numeric score** | **Pass/Void\*** |
| Step 2CK | May 28, 2005 | 66 | 161 | Fail |
| Step 1 | October 31, 2005 | 73 | 179 | Fail |
| **Step 1** | **February 14, 2006** | **75** | **184** | **Pass/Void\*** |
| Step 2CK | October 25, 2006 | 71 | 172 | Fail |
| Step 2CK | February 14, 2007 | 71 | 174 | Fail |
| Step 2CK | July 27, 2007 | 74 | 182 | Fail |
| **Step 2CK** | **December 31, 2007** | **85** | **206** | **Pass/Indeterminate\*\*** |

**\*VOID** – No longer valid for the purpose of ECFMG Certification since all exams required for ECFMG Certification were not passed within a seven-year period.
**\*\*INDETERMINATE** – Not valid for the purpose of ECFMG Certification since the USMLE program has rendered the score indeterminate.

2

CONFIDENTIAL
ECFMG000628

**FOR ACTION:**
Does the ECFMG Medical Education Credentials Committee wish to grant an exception for Dr. Mathew Thomas to the ECFMG policy requirement that applicants must pass those USMLE Steps and Step Components required for ECFMG Certification within a seven-year period. If so, what is the length of that extension?

3

Mathew Thomas, Jr., MD
March 27, 2013

**ATTACHMENT 1**

March 27, 2013

Re: Mathew Thomas, Jr. M.D./Request for a Waiver

USMLE/ECFMG ID no. 0-633-396-7

Dear Credentialing Committee,

Please accept this submission for the purpose of receiving a waiver to the 7 year rule, whereby an applicant must pass all Step exams within 7 years of passing their first Step exam. I would like the committee to take into account the following series of events that took place regarding my file. As the records show, I successfully passed my Step 2CK exam in December 2007, which granted me my ECFMG certification. I registered for my Step 3 exam in mid 2009. On July 27, 2009, I was sent a letter stating that my registration for the Step 3 exam was cancelled due to an investigation regarding Optima University. The letter from the Federation of State Medical Boards stated that my Step 3 application, "has been cancelled until this matter is resolved." At that point, July 27, 2009 was the official date my file was placed on hold pending the investigation, and my access to OASIS was locked. This meant that I could not register for any USMLE Steps.

On December 16, 2009, I attended a hearing in front of the Committee of Score Validity to give testimony in an effort to validate my Step 2CK score. On February 17, 2010, I received the outcome of that hearing that my score for Step 2 would not be validated and was told that I had until June 1, 2010 to submit my appeal. As anyone in my position would do I submitted an

**1 | P a g e**

CONFIDENTIAL

ECFMG000630

ECFMG Medical Education Credentials Committee Meeting - EXCEPTION REQUESTS

Mathew Thomas, Jr., MD
March 27, 2013

appeal in June of 2010.  USMLE/NBME responded to my appeal on August 2010 and stated that their decision to not validate my score was upheld. I was advised to take the validation exam. In October 2011, I received notification that I did not receive a passing score on my validation exam and now could register to retake the Step 2CK via OASIS.

As the timeline shows, due to the loss of time because of the investigation, the hearing process, the appeal process and the validation exam, I lost over 2 years within my 7 year window to complete all my steps.

The July 2009 letter from the Federation of the State Medical Board stated that my registration would be cancelled until the matter was solved.  According to the attached documents the matter was not resolved until October 2011. The process from beginning to end was from July 2009 through October 2011, therefore not allowing me to have the applicable time to take and pass all the exams within 7 years.  These occurrences were beyond my control and I should not be held accountable for the time lost.

Currently, I am preparing to retake my Step2CK. Based on the timeline of the occurrences and the hold on my file pending the outcome of the investigation, I believe that the time lost can be justifiability added to the end of my 7 year window, which would have stated after passing my first Step exam.  I ask that this committee look at the timeline and grant the extension to the 7 year exam period, which started with the first step exam that I passed.  Please note that I am available for any questions.  Thank you for your time.

Sincerely,
Mathew Thomas, Jr., MD

**2 |** P a g e

CONFIDENTIAL

ECFMG000631

ECFMG Adverse Action & Consultant Committee Meeting Exhibit 1031A (CQ039)

**ATTACHMENT 2A**



# UNITED STATES MEDICAL LICENSING EXAMINATION ™

## STEP 2 CLINICAL KNOWLEDGE (CK) SCORE REPORT

This score report is provided for the use of the examinee. Third-party users of USMLE information are advised to rely solely on official USMLE transcripts.

**Thomas, Mathew Jr.**

**TEST DATE: December 31, 2007**

**USMLE ID: 0-633-396-7**

The USMLE is a single examination program consisting of three Steps designed to assess an examinee's understanding of and ability to apply concepts and principles that are important in health and disease and that constitute the basis of safe and effective patient care. Step 2 is designed to assess whether an examinee can apply medical knowledge, skills, and understanding of clinical science essential for the provision of patient care under supervision, including emphasis on health promotion and disease prevention. The inclusion of Step 2 in the USMLE sequence is intended to ensure that due attention is devoted to principles of clinical sciences and basic patient-centered skills that provide the foundation for the safe and competent practice of medicine. There are two components to Step 2: a Clinical Knowledge (CK) examination and a Clinical Skills (CS) examination. This report represents results for the Step 2 CK examination only. Results of the examination are reported to medical licensing authorities in the United States and its territories for use in granting an initial license to practice medicine. The two numeric scores shown below are equivalent; each state or territory may use either score in making licensing decisions. These scores represent your results for the administration of Step 2 CK on the test date shown above.

| | |
|---|---|
| **PASS** | This result is based on the minimum passing score set by USMLE for Step 2 CK. Individual licensing authorities may accept the USMLE recommended pass/fail result or may establish a different passing score for their own jurisdictions. |
| **206** | This score is determined by your overall performance on Step 2 CK. For recent administrations, the mean and standard deviation for first-time examinees from U.S. and Canadian medical schools are approximately 225 and 24, respectively, with most scores falling between 140 and 260. A score of 184 is set by USMLE to pass Step 2 CK. The standard error of measurement (SEM)‡ for this scale is seven points. |
| **85** | This score is also determined by your overall performance on the examination. A score of 75 on this scale, which is equivalent to a score of 184 on the scale described above, is set by the USMLE to pass Step 2 CK. The SEM‡ for this scale is two points. |

‡Your score is influenced both by your general understanding of clinical science and the specific set of items selected for this Step 2 CK examination. The Standard Error of Measurement (SEM) provides an index of the variation in scores that would be expected to occur if an examinee were tested repeatedly using different sets of items covering similar content.

CONFIDENTIAL

ECFMG000632

**ATTACHMENT 2B**

# The Federation of State Medical Boards
## of the United States, Inc.
Federation Place
P.O. Box 619850
Dallas, TX 75261-9850
Phone (817) 868-4041
FAX (817) 868-4098

July 27, 2009

USMLE ID# 0-633-396-7
Tracking# LTR21067862DMC

Mathew Thomas Jr
P O Box 14 0415
Staten Island NY  10314-0415

RE:  USMLE Step 3, Virginia Board of Medicine

Dear Dr. Thomas:

Your registration for the USMLE Step 3 has been cancelled due to the following problem(s):

As you were advised in a letter dated July 29, 2009 from the Office of the USMLE Secretariat, information is available that you have been identified as a possible participant in Optima University review courses and that your involvement is under investigation.

Your Step 3 application has been cancelled until this matter is resolved.  A full refund will be issued to you within the next week.

If you have any questions regarding the cancellation of your application, you may contact the USMLE Secretariat's Office at 215-590-9877.

The Federation of State Medical Boards

CONFIDENTIAL

ECFMG000633



BOARD MEETING OF IRREGULAR BEHAVIOR

COMMITTEE OF SCORE VALIDITY

RE: MATHEW THOMAS, JR.

\- \- \-

Wednesday, December 16th, 2009

\- \- \-

Transcript of Board Meeting
of Irregular Behavior, held at the offices of
the National Board of Medical Examiners, 3750
Market Street, 2nd Floor, Philadelphia,
Pennsylvania 19104, commencing at 2:05 p.m., on
the above date, before Joseph P. Dromgoole, a
Professional Reporter and Notary Public in the
Commonwealth of Pennsylvania.

CAMBRIDGE LEGAL SERVICES, LLC.

1436 Lombard Street

Philadelphia, Pennsylvania 19146

(215) 732-0800

CONFIDENTIAL

ECFMG000634

**ATTACHMENT 2D**

**S·MLE**

United States
Medical
Licensing
Examination

**Via US Mail: Personal and Confidential**

February 17, 2010

Mathew Thomas, Jr.            USMLE ID#: 0-633-396-7
PO Box 14-0415
Staten Island, NY  10314-0415

*Secretariat:*
3750 Market Street
Philadelphia, PA 19104
(215) 590-9600
Fax: (215) 590-9470
www.usmle.org

Dear Dr. Thomas:

On behalf of the USMLE Committee on Score Validity, I am writing to inform you of the Committee's decision following its review of the available information related to your performance on the December 31, 2007 Step 2 Clinical Knowledge (CK).

In advance of the meeting, the members of the Committee were provided with copies of the following materials: (a) my letter to you dated July 27, 2009; (b) my letter to you dated September 15, 2009; (c) your email to me sent on August 12, 2009; (d) our email exchange of August 27-28, 2009; (e) our email exchange of September 21-23, 2009; (f) your email to Janet Carson sent on October 12, 2009; (g) your email to Ms. Carson sent on October 26, 2009 and her response to you sent on November 11, 2009; (h) your email message to Ms. Carson sent on November 19, 2009 and her response sent on November 24, 2009; (i) email to you from Emilie Babcox sent on November 24, 2009; and (j) your application for Step 2.

In addition to review of the foregoing materials, the Committee also carefully considered the information provided by you during your personal appearance on December 16, 2009.

During the course of its deliberations, the Committee discussed the following:

- Unauthorized access, advertent or inadvertent, by an individual to examination content prior to testing raises concerns as to whether the scores obtained by the individual on the examination represent a valid measure of an individual's knowledge or competence as sampled by the examination.

- In February 2009, the sponsoring organizations of the USMLE program filed suit in federal court, alleging copyright infringement by Optima University ("Optima"), a provider of USMLE review courses. This complaint sets forth the specific allegations with respect to the unauthorized copying, reconstruction, and distribution of copyrighted USMLE test questions and answers, which were, over a period of years, made available to participants in the Optima courses.

- You attended Optima review courses prior to taking and passing Step 2 CK on December 31, 2007.

*A Joint Program of the Federation of State Medical Boards of the U.S., Inc. and the National Board of Medical Examiners*®



Federation of State Medical Boards of the U.S., Inc.
PO Box 619850
Dallas, TX 75261-9850
(817) 868-4000
Fax: (817) 868-4097
www.fsmb.org

National Board of Medical Examiners
3750 Market Street
Philadelphia, PA 19104
(215) 590-9500
Fax: (215) 590-9555
www.nbme.org

Dr. Thomas
February 17, 2010
Page 2 of 4

- Between February 2004 and December 2007, you took Step 2 CK on six occasions and passed on your sixth attempt taken in December 2007.

- There is evidence that 32% of the test items that appeared on the Step 2 CK form taken by you in December 2007 and that were used in scoring that form may have been subject to unauthorized reproduction and dissemination through Optima prior to December 2007.

- Your percent correct score on those scored items believed to have been exposed was higher than your percent correct scores on scored items about which there is no current evidence of exposure (84% versus 66%). The average performance  of a comparison group of 1162 other examinees that took that same form of Step 2 CK shows greater consistency in performance on those two sets of items (an average of 75% correct on exposed items and 75% on non-exposed items). The difference that is calculated by subtracting your percent correct performance on non-exposed items from your percent correct performance on exposed items is greater than that difference, similarly calculated, for 99% of the examinees in the comparison group.

- The average amount of time that you spent on the scored items believed to have been exposed was 59 seconds, whereas the average amount of time that you spent on the scored items for which there is no evidence of exposure was 73 seconds. Your timing data differ markedly on these two subsets of items when compared with a group of 1162 other examinees that took that same form of Step 2 CK (an average of 73 seconds on exposed items and 76 seconds on non-exposed items). The difference that is calculated by subtracting the average amount of time spent by you on exposed items from the average amount of time spent by you on non-exposed items is greater than that difference, similarly calculated, for 99% of the examinees in the comparison group.

- In information you provided during your personal appearance before the Committee on Score Validity on December 16, 2009, you asserted that you passed Step 2 CK as a result of your hard work and determination. You stated that you were a student at Optima for only 4 to 5 weeks prior to passing the Step 2 CK, and that, prior to your enrollment at Optima, you made use of various other study sources and item banks. You stated that the benefit that Optima provided you was related to its intense study environment and group study sessions. You asserted that you made very little use of Optima's item bank during your time there. You noted that on your fifth attempt at Step 2 CK, you were very close to the passing point. You reported that you focused your studies for your sixth attempt on your area of weakness (i.e., obstetrics and gynecology) and that, by focusing your studies on that area, you were ultimately successful on the Step. You also asserted that you felt rushed at the end of the exam blocks and went through the last questions in the blocks faster, which may explain some of timing differences reported to you in my letter of September 15, 2009.

CONFIDENTIAL

ECFMG000636

Dr. Thomas
February 17, 2010
Page 3 of 4

After thorough review of the information presented, the Committee was unable to determine that there is a reasonable and satisfactory explanation for the differentials in your Step 2 CK performance and timing on scored items believed exposed via Optima versus scored items for which there is no evidence of exposure. The Committee noted that your performance on the subset of items for which there is no evidence of exposure (68% of the total number of scored items) was quite close to a level that would be considered "passing" for that subset of items. Recognizing the importance of the decisions that are based, at least, in part, upon results of USMLE examinations, the Committee expressed concerns about using performance on a subset of items (e.g., the portion of the examination identified as "non-exposed") as a basis for predicting performance on the entire examination. It further noted that such concerns are heightened when there is any question about whether that subset of items was taken under standard conditions of test administration. In this regard, the Committee considered the reasonable possibility that familiarity with exposed items may enable an individual to respond, on average, more quickly to such items and produce a time advantage for the individual in considering and responding to the non-exposed items. Given the percentage of exposed scored items on your Step 2 CK, the unexplained difference between your performance on the exposed scored items and the non-exposed scored items, and the unexplained difference between the amount of time spent by you, on average, on the subset of exposed scored items and on the subset of non-exposed scored items, the Committee did not find it reasonable or appropriate to make presumptions about the validity of your scores on this examination based upon your performance on the non-exposed scored items.

Following careful consideration of all of the available information, the Committee determined that it could not certify the validity of your passing level results on the December 2007 Step 2 CK. Therefore, it is the determination of the Committee on Score Validity that your scores on that examination will be classified as indeterminate and will not be reported.

As specified in the "USMLE Procedures Regarding Indeterminate Scores," a copy of which was enclosed with my September 15, 2009 letter to you, examinees whose scores have been classified as indeterminate (and who have not been barred from the USMLE or applicable Step thereof) will be given an opportunity to take a validating examination. You may take a Step 2 CK examination, without charge, as the validating examination. The validating examination must be taken within six months of the date of this letter. Accordingly if you elect to take a validating examination, it must be taken on or before August 17, 2010. If you do not take a validating examination on or before August 17, 2010, your scores on the December 2007 Step 2 CK will remain classified as indeterminate, and an annotation indicating that those scores were classified as indeterminate will be included in your record and will appear on your USMLE transcripts.

The above-noted Procedures provide that, if the total test score that is obtained on the validating examination is above the passing level, your original scores and associated passing grade will be reported, and no record of the validating examination will appear on your USMLE transcript. If the total test score that is obtained on the validating examination is below the passing level, the original scores will remain classified as indeterminate, and your record and transcript will have an annotation indicating an indeterminate score for the December 2007 Step 2 CK. Scores obtained on the validating examination will not be reported and there will be no record of the validating examination on your transcript.

Dr. Thomas
February 17, 2010
Page 4 of 4

As also noted in the above-referenced Procedures, a decision of the Committee on Score Validity may be appealed to the USMLE Composite Committee only if the individual involved has not yet taken a validating examination and has a reasonable basis to believe that the Committee did not act in compliance with applicable USMLE policies and/or procedures or that the decision of the Committee was clearly contrary to the weight of the evidence before it. You have notified me, via email, that you wish to appeal the determination of the Committee, and your appeal will be reviewed by the USMLE Composite Committee in June 2010. Your written appeal may be sent to me on or before June 1, 2010.

If you decide to take a validating examination, please notify me in writing of the three-month eligibility period (within the next six months) during which you wish to take the validating examination. Once I receive such notification from you, I will provide you with a Scheduling Permit and instructions for you to make an appointment to take the validating examination at a Prometric test center. Please provide your notice with ample time for the Scheduling Permit to be processed and in order that you may select an available testing date that is convenient for you. Space at test centers is based upon availability, and some months are peak testing periods. You may obtain information on Step 2 CK of USMLE at the website, www.usmle.org.

As previously reported to you, the investigation into this matter is ongoing. While you have acknowledged being employed by Optima, you have denied any involvement with the materials used in its courses. Please be advised that, if review of available information provides a reasonable basis to conclude that you may have engaged in irregular behavior, the matter will be referred to the USMLE Committee on Irregular Behavior for its further consideration and action.

If you have any questions please do not hesitate to contact me at (215) 590-9877 or Janet Carson, legal counsel for the USMLE program, at (215) 590-9548 if you have any questions.

Sincerely

Susan A. Deitch
Office of the USMLE Secretariat

C: ECFMG, FSMB

Enclosure: stenographic record of personal appearance on December 16, 2009

ECFMG000638

**ATTACHMENT 2E**



**US·MLE**
United States
Medical
Licensing
Examination ®

*Secretariat:*
3750 Market Street
Philadelphia, PA 19104
(215) 590-9600
Fax: (215) 590-9470
www.usmle.org

**Via Email and U.S. Mail**
**Confidential**

August 25, 2010

Mathew Thomas, Jr.          USMLE ID#: 0-633-396-7
PO Box 14-0415
Staten Island, NY 10314-0415

Dear Dr. Thomas:

This letter confirms the notification previously provided to you by Susan Deitch regarding the outcome of the USMLE Composite Committee's consideration of your appeal of the decision of the Committee on Score Validity that your December 31, 2007 Step 2 – Clinical Knowledge (CK) scores are indeterminate.

The information provided to the members of the Composite Committee in advance of its consideration of this matter consisted of the following: (a) your letter received on June 14, 2010; (b) Ms. Deitch's letter to you dated February 17, 2010 and all of the materials referenced in the second paragraph of that letter; and (c) the transcript of the stenographic record made during your personal appearance before the Committee on Score Validity on December 16, 2009.

The Composite Committee carefully considered all of those materials and the information contained therein. Information relevant to the Composite Committee's consideration of your appeal included the following:

- You acknowledged participation in the Optima review program prior to taking the Step 2 CK in December 2007.

- There is evidence that 32% of the scored test items that appeared on the Step 2 CK form taken by you on December 31, 2007 may have been subject to unauthorized reproduction and dissemination through Optima prior to December 2007.

- Your performance on the scored items believed exposed via Optima prior to December 2007 (84% correct) was higher than your performance on those scored items for which there is no evidence of exposure (66% correct). Your difference in performance on those

*A Joint Program of the Federation of State Medical Boards of the U.S., Inc. and the National Board of Medical Examiners®*

**STATE MEDICAL BOARDS** (Federation of)
Federation of State Medical Boards of the U.S., Inc.
PO Box 619850
Dallas, TX 75261-9850
(817) 868-4000
Fax: (817) 868-4097
www.fsmb.org

National Board of Medical Examiners
3750 Market Street
Philadelphia, PA 19104
(215) 590-9500
Fax: (215) 590-9555
www.nbme.org



CONFIDENTIAL

ECFMG000639

Mathew Thomas, Jr.
August 25, 2010
Page 2 of 5

    subsets of items was greater than that difference, similarly calculated, for 99% of the examinees in the comparison group (n = 1162).

- You spent less time, on average, on the scored items believed exposed via Optima (59 seconds) than you spent on those scored items for which there is no evidence of exposure (73 seconds). Your difference in timing on those subsets of items was greater than that difference, similarly calculated, for 99% of the examinees in that comparison group.

The Composite Committee took note of the positions advanced by you during your personal appearance before the Committee on Score Validity on December 16, 2009, as well as the arguments presented by you in your correspondence of June 14, 2010. During its deliberations, the Composite Committee considered all of the information available to it in connection with your appeal, including, but not limited to, the following:

- The Policies Regarding Indeterminate Scores provide that: "Statistical procedures will be applied routinely, as well as in response to particular information, to identify scores that may be subsequently classified as indeterminate." In response to evidence that secure USMLE test materials were reproduced and made available to participants in the Optima courses, the performance of individuals identified as participants in Optima courses was the subject of further review.

- As described in Ms. Deitch's letter to you of September 15, 2009, your percent correct on the scored items believed to have been exposed through Optima prior to December 2007 was compared with your percent correct on the scored items about which there is no evidence of exposure. Also, the average amount of time that you spent on the scored items believed to have been exposed was compared with the average amount of time that you spent on the scored items for which there is no evidence of exposure. To facilitate an assessment of how unusual your differences in performance and timing on those two subsets of items were, average performance and timing data on those two subsets of items were calculated for a comparison group of 1162 other examinees who took the same form of Step 2 CK as that taken by you in December 2007. While the calculation of averages may not be regarded as a complex statistical analysis warranting a written report from an expert, the correspondence sent to you advised you of the data sources employed, the procedures applied, and the results of the calculations.

Mathew Thomas, Jr.
August 25, 2010
Page 3 of 5

- You asserted that there are factors, such as relative strengths and weaknesses in certain content areas that might account for your performance and timing differences on the two subsets of items. The performance and timing data of the comparison group do not support a conclusion that the exposed items were easier, shorter, or otherwise susceptible to better or faster performance. A hypothesis that your better and faster performance on the exposed items might be a function of your relative strengths in certain content areas would require presumptions that the exposed items coincidentally contained areas representing your strengths, while those areas were coincidentally less represented in the non-exposed items; and that your strengths are so unique as to not appear in a significant way among 1162 other examinees taking the same form of Step 2 CK.

- You assert that the Committee on Score Validity based its decision on a "mere suspicion" that certain items on your December 2007 Step 2 CK may have been exposed and you make certain presumptions regarding the sources and the availability of information regarding the exposure of test materials. Ms. Deitch's letter of September 15, 2009 references "evidence" of exposure; the complaint filed in federal court by the sponsoring organizations of the USMLE program, alleging copyright infringement by Optima, contains factual contentions for which there is evidentiary support; and your differences in performance and timing on the two subsets of items are consistent with such exposure.

- The USMLE Policies and Procedures Regarding Indeterminate Scores state, "If, on the basis of the information presented to it, the Committee on Score Validity is not convinced that a reasonable and satisfactory explanation for the aberrancy(ies) in performance has been obtained, it will classify the examinee's scores as indeterminate…" The Committee on Score Validity determined that there is not a reasonable and satisfactory explanation for the differentials in your performance and timing on the two subsets of items.

- In your letter of June 14, 2010, you assert that, "The Committee on Score Validity reviewed just 4 factors from my forty-five minute hearing as stated in their letter on February 17, 2010." The fact that Ms. Deitch's letter of February 17, 2010, advising you of the Committee's decision, did not address each and every assertion made by you during your personal appearance does not mean that your assertions were not considered by the Committee. To the contrary, Ms. Deitch's letter references the Committee's "thorough review of the information presented" and its "careful consideration of all of the available information" and, specifically notes that, "In addition to review of the foregoing materials, the

CONFIDENTIAL

ECFMG000641

Mathew Thomas, Jr.
August 25, 2010
Page 4 of 5

Committee also carefully considered the information provided by you during your personal appearance."

- You assert that the Committee on Score Validity should have validated your performance on the basis of your performance on the non-exposed subset of scored items. The components of USMLE are designed and developed to provide valid and reliable information about an examinee's knowledge, as sampled by the relevant examination component. Predicting performance on all scored items based upon what would be considered marginally "passing" performance on 68% of such items requires an unsubstantiated presumption that the predicted performance provides a reasonable and appropriate level of confidence with respect to the validity and reliability of the reported results.

- You assert that the scores of two other examinees who had taken Optima and who had differentials in performance and timing similar to yours were not classified as indeterminate. Please note in this regard that your understandings of some of the information available in another case(s) are not necessarily accurate; that you may not be privy to all of the information considered by the Committee on Score Validity in connection with a matter relating to an individual other than yourself; and that the percentage of items needed to be answered correctly in order to achieve a passing level score varies between Step 1 and Step 2 CK, and between various forms of Step 1 and Step CK. Further, while the Committee on Score Validity is mindful of precedent, each case presented to it is individually reviewed: It is the information relevant to your situation that was the focus of the Committee on Score Validity's review and to the review of your appeal.

Upon full consideration of all of the information available, the Composite Committee found that the Committee on Score Validity acted in compliance with applicable USMLE policies and procedures and did not make a decision that was clearly contrary to the weight of the evidence before it. Therefore, the Composite Committee concluded that the determination of the Committee on Score Validity will stand: Your Step 2 CK scores remain classified as indeterminate.

The Step 2 CK validating examination, further discussed in Ms. Deitch's letter to you of February 17, 2010, must be taken within six months of the date of this letter, i.e., on or before February 25, 2011.

CONFIDENTIAL

ECFMG000642

Mathew Thomas, Jr.
August 25, 2010
Page 5 of 5

If you have any questions regarding the foregoing information, please do not hesitate to contact me at (215) 590-9877, or Janet Carson, legal counsel for the USMLE program, at (215) 590-9548.

Sincerely,

Amy Buono
Office of the USMLE Secretariat

CONFIDENTIAL

ECFMG000643

ECFMG Medical Education Credentials Committee Meeting - EXCEPTION REQUESTS

**ATTACHMENT 2F**



| US·MLE |
| United States |
| Medical |
| Licensing |
| Examination ® |

*Secretariat:*
3750 Market Street
Philadelphia, PA 19104
(215) 590-9500
Fax: (215) 590-9470
www.usmle.org

**Via Email**
**Personal and Confidential**

October 17, 2011

Mathew Thomas, Jr.                              USMLE ID#: 0-633-396-7
PO Box 14-0415
Staten Island, NY  10314-0415



Dear Dr. Thomas:

I am writing with respect to the results of the September 3, 2011 administration of USMLE Step 2 CK taken by you to validate the passing level scores reported for your December 31, 2007 Step 2 CK.

Please be advised that your total test score on the validating examination was <u>below</u> the passing level. As explained in Susan Deitch's letter of February 17, 2010, if the total test score that is obtained on the validating examination is below the passing level, the original scores will not be reported, nor will the scores obtained on the validating examination be reported. Your USMLE record and transcript will have an annotation indicating "indeterminate score" for the December 31, 2007 Step 2 CK, and no record of the validating examination will be reported.

After taking the validating examination, you expressed a concern about the comparability of the test form to the test form that you originally took in 2007. Please be assured that there were only minor differences in the focus of the content between these two examinations, and the two test forms are comparable. Although the recent exam included some relatively new testing formats which required interpretation of a small number of heart sounds, pharmaceutical advertisements and medical abstracts, your performance on these formats did not have an impact on your pass/fail outcome. For your information, your examination was scored using the pass/fail standard that was in effect at the time of your 2007 administration, not the current higher standard.

Please do not hesitate to contact me at abuono@nbme.org, if you have any questions.

Sincerely,

Amy Buono
Office of the USMLE Secretariat

C: ECFMG

*A Joint Program of the Federation of State Medical Boards of the U.S., Inc. and the National Board of Medical Examiners®*

**STATE MEDICAL BOARDS** Federation of State Medical Boards of the U.S., Inc.
400 Fuller Wiser Road, Suite 300
Euless, TX 76039
(817) 868-4000
Fax: (817) 868-4097
www.fsmb.org

National Board of Medical Examiners
3750 Market Street
Philadelphia, PA 19104
(215) 590-9500
Fax: (215) 590-9555
www.nbme.org

CONFIDENTIAL

ECFMG000644



EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES

3624 Market Street
Philadelphia PA 19104-2685 USA
215-386-5900 | 215-387-9963 Fax
www.ecfmg.org

Via E-Mail: manu.thomas31@gmail.com

**ATTACHMENT 3**

April 1, 2013

Dr. Mathew Thomas
193 Amsterdam Avenue
West Babylon, NY 11704

Re: USMLE®/ECFMG® ID No. 0-633-396-7

Dear Dr. Thomas:

This will acknowledge receipt of your request for an exception to the ECFMG policy requirement that applicants must pass those USMLE Steps and Step Components required for ECFMG Certification within a seven-year period.

While you have not specified the length of the additional time beyond seven years you are requesting, it appears you is asking for an additional two years and three months, the amount of time you write that you were prevented from taking USMLE exams due to an investigation by the USMLE program surrounding the validity of your score on the December 21, 2007 Step 2 CK. If I am incorrect in my understanding, please notify me immediately.

The ECFMG Medical Education Credentials Committee ("ECFMG Committee") may, from time to time, consider an individual request, such as yours, for an exception to an established medical education credential requirement, policy or procedure. The decision whether to recommend approval of a request for exception shall be within the sole discretion of the ECFMG Committee.

The next meeting of the ECFMG Committee will be held in mid-April 2013. The following documentation will be presented to the Committee:

- Your March 27, 2013 letter; and
- The attachments to your March 27, 2013 letter.

The ECFMG Committee will also be provided with your USMLE examination history.

Please note that the review by the ECFMG Medical Education Credentials will be limited to your request for exception to an ECFMG policy requirement, i.e., the requirement that applicants must pass those USMLE Steps and Step Components required for ECFMG Certification within a seven-year period. As you are aware, you are subject to the USMLE policy that limits the number of attempts on a USMLE Step or

ECFMG® is an organization committed to promoting excellence in international medical education.

CONFIDENTIAL
ECFMG000645

Dr. Mathew Thomas
April 1, 2013
Page 2


Step Component to six attempts (you already have seven Step 1 attempts and six Step 2 CK attempts) and any time limit on completion of all USMLE Steps and Step Components imposed by a U.S. state medical board. Exceptions to USMLE and state medical board policies can be considered only by those entities.

If you have any questions or need additional information, please write to me at the above address, telephone me at (215) 823-2277 or e-mail me at bkelly@ecfmg.org.


Sincerely,


William C. Kelly
Associate Vice President for Operations


CONFIDENTIAL

ECFMG000646