# EXHIBIT 32

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MATHEW THOMAS, JR., *Plaintiff*<br><br>v.<br><br>ECFMG – EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES and NBME – NATIONAL BOARD OF MEDICAL EXAMINERS<br>*Defendants.* | Civil Action No. 13-3946 |

**THE EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES' RESPONSES AND OBJECTIONS TO SUBPOENAS FROM MATHEW THOMAS**

Defendant Educational Commission for Foreign Medical Graduates ("ECFMG") hereby responds to requests contained in subpoenas from plaintiff Mathew Thomas ("Dr. Thomas"), delivered to counsel for ECFMG on March 21, 2014.

In responding, ECFMG does not concede that Dr. Thomas' requests are timely or proper—to the contrary, ECFMG objects to these requests as both being improper in form and as being untimely. The Court's January 6, 2014 Order set February 17, 2014 as the close of fact discovery: "Fact discovery shall be completed on or before **February 17, 2014**." (emphasis in original). The subpoenas at issue were not provided to ECFMG until March 21, 2014, more than a month after fact discovery had closed. That ECFMG provides responses below is not (and should not be construed to be) a waiver by ECFMG of any objection.

Moreover, ECFMG has already produced to Dr. Thomas all non-privileged documents contained in ECFMG's file for Dr. Thomas, with the very limited exception of a document containing Dr. Thomas' username and password for use of ECFMG's online services.

## **GENERAL OBJECTIONS**

1. ECFMG objects to these Requests to the extent they seek to impose obligations or burdens on ECFMG beyond those set forth in the Federal Rules of Civil Procedure, local rules, any other applicable statutes, rules, case law, and/or order of the Court.

2. ECFMG objects to these Requests as being vague, confusing, and not stated with sufficient particularity.

3. ECFMG objects to these Requests to the extent they seek information protected from discovery by the attorney-client privilege, the attorney work product doctrine, Fed. R. Civ. P. 26(b)(4)(B), (C), and (D), and/or any other applicable privilege, protection, or immunity. Nothing herein is intended to be, nor should it be construed to be, a waiver of any applicable privilege, protection, or immunity.

4. ECFMG objects to these Requests as overly broad and unduly burdensome and beyond the permissible scope of Fed. R. Civ. P. 26 to the extent any of them is not reasonably calculated to lead to the discovery of admissible evidence or would reach documents that are not relevant to the claims or defenses of any party.

5. ECFMG objects to these Requests to the extent they ask for documents that: (a) are not in ECFMG's possession, custody, or control; (b) are publicly available; (c) are equally available to Dr. Thomas; and/or (d) are otherwise obtainable through more practical means.

6. ECFMG objects to these Requests to the extent they ask for documents that concern other applicants to ECFMG.  Such information is highly personal and confidential for individuals who are not parties to this action, and Dr. Thomas has not illustrated how, if at all, any such documents are relevant to his claims.

7. ECFMG integrates herein all objections raised or to be raised by defendant National Board of Medical Examiners ("NBME") to the production of documents or information called for by similar subpoenas served on NBME.

## SPECIFIC RESPONSES AND OBJECTIONS

1. Statistic and methodology used to determine the indeterminate score of the Step 2 exam taken on December 31, 2007.

**Response:**

ECFMG objects to this Request as vague, confusing, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any of the general or specific objections stated here, and subject thereto, ECFMG responds as follows: ECFMG does not have documents or information responsive to this Request.

2. Program used for the analysis of the score of the Step 2 exam, as well as how the Program formulated the information.

**Response:**

ECFMG objects to this Request as vague, confusing, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any of the general or specific objections stated here, and subject thereto, ECFMG responds as follows: ECFMG does not have documents or information responsive to this Request.

3. Information used in the program to formulate the outcome.

**Response:**

ECFMG objects to this Request as vague, confusing, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any of the general or specific objections stated here, and subject thereto, ECFMG responds as follows: ECFMG responds

using the term "program" to be the same "program" described in Request No. 2 herein. On that basis, ECFMG does not have documents or information responsive to this Request.

4. Any information submitted in discovery for any lawsuits pertaining to Optima University.

**Response:**

ECFMG objects to this Request as vague, confusing, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any of the general or specific objections stated here, and subject thereto, ECFMG responds as follows: Aside from the present action, ECFMG has not been party to "any lawsuits pertaining to Optima University" and is unaware of what, if any, information was "submitted in discovery" for any such suits.

5. List of questions that were assumed to have been previewed on the Step 2 exam.

**Response:**

ECFMG objects to this Request as vague, confusing, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any of the general or specific objections stated here, and subject thereto, ECFMG responds as follows: ECFMG does not have documents or information responsive to this Request.

6. Plaintiff's validation exam breakdown of the final score.

**Response:**

ECFMG objects to this Request as vague, confusing, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any of the general or specific objections stated here, and subject thereto, ECFMG responds as follows: ECFMG does not have documents or information responsive to this Request.

7. Any e-mails or correspondence dated before July 27, 2009, specific to the analysis done on the Plaintiff's exam.

**Response:**

ECFMG objects to this Request as vague, confusing, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any of the general or specific objections stated here, and subject thereto, ECFMG responds as follows: Documents responsive to this Request, if any, have already been produced in this action.

8. Any information that was received by the FBI and/or law enforcement in the Optima University investigation, including and not limited to Optima's servers.

**Response:**

ECFMG objects to this Request as vague, confusing, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any of the general or specific objections stated here, and subject thereto, ECFMG responds as follows: ECFMG does not have, and has never had, Optima's servers, and has no basis to know what, if anything "was received by the FBI and/or law enforcement in the Optima University investigation." ECFMG further responds that documents pertaining specifically to Dr. Thomas that ECFMG may have provided to "the FBI and/or law enforcement in the Optima University investigation," if any, have already been produced in this action.

9. Materials viewed, collected and used to conduct the internal investigation regarding this matter.

**Response:**

ECFMG objects to this Request as vague, confusing, and not reasonably calculated to lead to the discovery of admissible evidence. ECFMG also objects to the extent this Request

seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, protection, or immunity.  Further, it is unclear to what "internal investigation" the Request pertains; ECFMG responds to this Request on the basis of the "internal investigation" being that conducted by NBME.  Without waiving any of the general or specific objections stated here, and subject thereto, ECFMG responds as follows:  Documents pertaining specifically to Dr. Thomas that ECFMG may have relating to any "internal investigation regarding this matter," if any, have already been produced in this action.

      10.     Exact dates of when internal investigation was conducted.

**Response:**

ECFMG objects to this Request as vague, confusing, and not reasonably calculated to lead to the discovery of admissible evidence.  ECFMG also objects to the extent this Request seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, protection, or immunity.  Further, it is unclear to what "internal investigation" the Request pertains; ECFMG responds to this Request on the basis of the "internal investigation" being that conducted by NBME.  Without waiving any of the general or specific objections stated here, and subject thereto, ECFMG responds as follows:  ECFMG does not have the information sought.

      11.     List of students that scores were placed under review to determine validity.

**Response:**

ECFMG objects to this Request as vague, confusing, and not reasonably calculated to lead to the discovery of admissible evidence.  This Request lacks sufficient particularity to warrant a response.  However, in an abundance of cooperation, ECFMG responds presuming that

the Request pertains to students who had scores reviewed by the United States Medical Licensing Examination ("USMLE") Committee on Score Validity in connection with the illegal activities of Optima University.  Without waiving any of the general or specific objections stated here, and subject thereto, ECFMG responds as follows:  This Request is more properly directed at entities other than ECFMG.  ECFMG further responds that documents and information pertaining to students other than Dr. Thomas are not relevant and contain highly confidential information about non-parties.

12. General analysis of the each [sic] student scores that were reviewed to determine validity.

**Response:**

ECFMG objects to this Request as vague, confusing, and not reasonably calculated to lead to the discovery of admissible evidence.  This Request lacks sufficient particularity to warrant a response.  However, in an abundance of cooperation, ECFMG responds presuming that the Request pertains to students who had scores reviewed by the USMLE Committee on Score Validity in connection with the illegal activities of Optima University.  Without waiving any of the general or specific objections stated here, and subject thereto, ECFMG responds as follows:  This Request is more properly directed at entities other than ECFMG.  ECFMG further responds that documents pertaining to students other than Dr. Thomas are not relevant and contain highly confidential information about non-parties.  Moreover, ECFMG does not have documents or information responsive to this Request.

13. The "information that is available" from the office of the USMLE Secretariat, as stated in the July 27, 2009 correspondence from Federation of State Medical Board of the United States.

**Response:**

ECFMG objects to this Request as vague, confusing, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any of the general or specific objections stated here, and subject thereto, ECFMG responds as follows: Documents pertaining specifically to Dr. Thomas in ECFMG's custody, possession, or control that may have been the documents described in the July 27, 2009 letter, if any, have already been produced in this action.

Additional Request, Called "Production List". The percentage of the Optima University question bank, which was compared to the USMLE live pool bank, that was not found as a match, as stated by Dr. Steven Haist at his deposition on January 17, 2014.

**Response:**

ECFMG objects to this Request as vague, confusing, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any of the general or specific objections stated here, and subject thereto, ECFMG responds as follows: ECFMG does not have documents or information responsive to this Request.

Dated:  April 8, 2014        /s/ Elisa P. McEnroe
Brian W. Shaffer
Elisa P. McEnroe
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103-2921
215.963.5000 (tel)
215.963.5001 (fax)
bshaffer@morganlewis.com
emcenroe@morganlewis.com

*Attorneys for Defendant Educational Commission for Foreign Medical Graduates*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Responses and Objections to Subpoenas from Mathew Thomas was served this 8th day of April, 2014 via electronic mail:

>Mathew Thomas, Jr.
>31 Roosevelt Ave.
>Staten Island, NY 10314
>dr.mathew.thomas.jr@gmail.com
>
>*Pro Se Plaintiff*
>
>- and -
>
>Neil J. Hamburg, Esq.
>Maureen Holland, Esq.
>Hamburg & Golden, P.C.
>1601 Market Street, Suite 3310
>Philadelphia, PA  19103
>hamburgnj@hamburg-golden.com
>hollandmp@hamburg-golden.com
>
>*Attorneys for Defendant National*
>*Board of Medical Examiners*

>>/s/ Elisa P. McEnroe
>>Elisa P. McEnroe