# EXHIBIT 33

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| MATHEW THOMAS, JR. | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | No. 2:13-CV-03946-CMR |
| THE NATIONAL BOARD OF MEDICAL EXAMINERS, AND THE EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES | : : : : | |
| | : | |

**OBJECTIONS AND RESPONSES OF THE NATIONAL BOARD OF MEDICAL EXAMINERS TO PLAINTIFF'S REQUEST FOR DOCUMENTS**

The National Board of Medical Examiners (NBME) responds to Plaintiff's subpoenas as follows:

**GENERAL OBJECTIONS**

The NBME objects to Plaintiff's discovery requests as untimely. On March 21, 2014, an unknown person delivered two undated subpoenas to the NBME's counsel's office. Those subpoenas are attached as exhibits 1 and 2. While it is unclear to whom the subpoenas are directed, it appears that they are directed to the NBME. Because the NBME is a party in this case, we have treated the subpoenas as requests for the production of documents and, where appropriate, interrogatories. Plaintiff's discovery requests are untimely because they were sent almost five weeks after the close of fact discovery. Under the Court's January 6, 2014 order, the parties had until February 17, 2014 to complete fact discovery. See exhibit 3. Indeed, Plaintiff

was told by NBME counsel on March 29, 2014, at the conclusion of a court ordered mediation in this matter, that no discovery requests were received from Plaintiff to date and that discovery closed on February 17, 2014. The responses provided below do not waive the NBME's general objection to the requests as untimely.

The NBME objects to Plaintiff's requests for documents as infringing on the attorney/client, work-product and/or investigative privileges.

The NBME objects to all requests for documents that are not reasonably calculated to lead to the discovery of admissible evidence and therefore seek irrelevant and/or immaterial information.

These objections are continuing in nature and are incorporated into each of the NBME's answers to Plaintiff's requests.

## SPECIFIC OBJECTIONS AND RESPONSES

### EXHIBIT 1

1. Statistic and methodology used to determine the indeterminate score for the Step 2 exam taken on December 31, 2007.

**Response:**

**Objection. The NBME objects to this request as incomprehensible. Without waiving and subject to the NBME's**

objections, if Plaintiff is referring to the mathematical basis by which the NBME determined that Plaintiff would be required to take a validating exam, then the NBME states that the NBME has provided all documents responsive to this question.

2.      Program used for the analysis of the score of the Step 2 exam, as well as how the Program formulated the information.
**Response:**

Without waiving and subject to the NBME's objections, the NBME states that Plaintiff asked this interrogatory in the depositions that Plaintiff took on January 17, 2014.

3.      Information used in the program to formulate the outcome.
**Response:**

Objection. The NBME objects to this request as vague, overbroad and ambiguous. Without waiving and subject to the NBME's objections, the NBME states that Plaintiff asked this interrogatory in the depositions that Plaintiff took on January 17, 2014.

4. Any information submitted in discovery for any lawsuits pertaining to Optima University.

**Response:**

**Objection. The NBME objects to this request as incomprehensible. If Plaintiff is referring to <u>National Board of Medical Examiners, et al. v. Optima University LLC, et al.</u>, 2011 WL 7615071, (W.D. Tenn. 2011), then, without waiving and subject to the NBME's objections, the NBME states that the parties did not take discovery in that lawsuit.**

5. List of questions that were assumed to have been previewed on the Step 2 exam.

**Response:**

**Objection. The NBME objects to this request as incomprehensible, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The NBME also objects to this request to the extent that it seeks information protected by the attorney/client, work-product and investigatory privileges. In addition, USMLE exam questions are proprietary and confidential.**

6. Plaintiff's validation exam breakdown of the final score.

**Response:**

**Objection. The NBME objects to this request as incomprehensible. If Plaintiff is referring to the performance profile that assesses an examinee's strengths and weaknesses across subject areas, then, without waiving and subject to the NBME's objections, the NBME states it does not generate performance profiles for validating exams.**

7. Any e-mails or correspondence dated before July 27, 2009, specific to the analysis done on the Plaintiff's exam.

**Response:**

**Without waiving and subject to the NBME's objections, the NBME states that the NBME has provided all documents responsive to this question.**

8. Any information that was received by the FBI and/or law enforcement in the Optima University investigation, including and not limited to Optima's servers.

**Response:**

**Objection.** The NBME objects to this request on the basis of investigatory privilege. Without waiving and subject to the NBME's objections, the NBME states that it does not possess any documents responsive to this request. If Plaintiff wanted those records, he should have subpoenaed them from the FBI.

9. Material viewed, collected and used to conduct the internal investigation regarding this matter.

**Response:**

**Objection.** The NBME objects to this request as incomprehensible, vague and overbroad. The NBME also objects to this request to the extent that it seeks information protected by the attorney/client, work-product and investigatory privileges.

10. Exact dates of when internal investigation was conducted.

**Response:**

**Objection.** The NBME objects to this request as incomprehensible, vague and overbroad. The NBME also objects to this request to the extent that it seeks information protected

**by the attorney/client, work-product and investigatory privileges.**

11. List of students that scores were placed under review to determine validity.

**Response:**

**Objection. The NBME objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The NBME also objects to this request to the extent that it seeks information protected by the attorney/client, work-product and investigatory privileges. The NBME also objects to this request because it infringes on the privacy rights of students not connected to this case.**

12. General analysis of the each student scores that were reviewed to determine validity.

**Response:**

**Objection. The NBME objects to this request as incomprehensible, vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The NBME also objects to this request to the extent**

**that it seeks information protected by the attorney/client, work-product and investigatory privileges. The NBME also objects to this request because it infringes on the privacy rights of students not connected to this case.**

13. The "information that is available" from the office of the USMLE Secretariat, as stated in the July 27, 2009 correspondence from Federation of State Medical Board of the United States.

**Response:**

**Without waiving and subject to the NBME's objections, the NBME states that it sent to Plaintiff all documents responsive to this question as enclosures to the September 15, 2009 letter from Susan Deitch. The NBME also provided those documents to Plaintiff in discovery where they were numbered NBME 00224 through NBME 00235.**

## EXHIBIT 2

1. The percentage of the Optima University question bank, which was compared to the USMLE live pool bank, that was not found as a match, as stated by Dr. Steven Haist at his deposition on January 17, 2014.

**Response:**

**Objection. The NBME objects to this request as incomprehensible, vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The NBME also objects to this request to the extent that it seeks information protected by the attorney/client, work-product and investigatory privileges.**

/s/ Maureen P. Holland
Neil J. Hamburg
Maureen P. Holland
Id. Nos. 32175 and 206327
HAMBURG & GOLDEN, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA 19103-1443
(215) 255-8590

Attorneys for the National Board
of Medical Examiners

CERTIFICATE OF SERVICE

I, Maureen P. Holland, certify that I served a copy of the foregoing Objections and Responses to Plaintiff's Request for Documents by e-mail, on April 14, 2014, on the following:

>Mathew Thomas, Jr.
>31 Roosevelt Avenue
>Staten Island, NY  10314
>
>dr.mathew.thomas.jr@gmail.com
>
>Plaintiff, *Pro se*

>/s/ Maureen P. Holland
>Maureen P. Holland